# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 03-2862/3494

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * Appeals from the United States |
| v. | * District Court for the |
| | * District of Minnesota. |
| Raymond Damon Smith, | * |
| also known as "Cap," | * |
| | * |
| Appellant. | * |

_____

Submitted: June 14, 2004
Filed: August 4, 2004

_____

Before SMITH, BEAM, and COLLOTON, Circuit Judges.

_____

SMITH, Circuit Judge.

In a two-count indictment, the government charged Raymond Damon Smith with multiple federal drug offenses.[1] At trial, the jury convicted him on all counts. On appeal, Smith argues that his trial counsel provided ineffective assistance and that the district court[2] erred in its denial of his request for a new trial. We affirm.

_____

[1] 21 U.S.C. §§ 841 and 846, as well as 18 U.S.C. §§ 2 and 323.

[2] The Honorable James M. Rosenbaum, Chief Judge, United States District Court for the District of Minnesota.

First, Smith argues that he received ineffective assistance of counsel in violation of his Sixth Amendment rights. We decline however to address the merits of Smith's ineffective assistance claim because no hearing was held permitting his trial counsel an opportunity to respond to Smith's claim. Claims of ineffective assistance of counsel are more properly raised in a post-conviction motion under 28 U.S.C. § 2255, not on direct appeal. *United States v. Pherigo*, 327 F.3d 690, 696 (8th Cir. 2003). In the absence of an adequate record below, we decline to review the issue at this time.

Second, Smith claims that the district court should have stopped the government's "continual" use of leading questions during direct examination, even though his trial counsel chose not to object. Smith alleges that the district court erred by not *sua sponte* ordering the government to stop leading its witnesses. Smith claims that this error was so prejudicial that the judgment should be reversed–and that he should receive a new trial–despite the fact that no objections were offered below. He argues that "[t]he inappropriate nature of the government's direct examination of its own witnesses should have been obvious to the court, even if it was not obvious to the government or defense counsel."

Ordinarily, we defer to the trial court in determining when leading questions are necessary, reviewing only for an abuse of discretion. *United States v. Grassrope*, 342 F.3d 866, 869 (8th Cir. 2003). However, because no objection was made below, we review Smith's claim for plain error. Fed. R. Crim. P. 52(b). Our review under Rule 52(b) is limited to determining if there is an error that is plain and that affects substantial rights. *United States v. Olano*, 507 U.S. 725, 732 (1993). When a forfeited error meets these standards, we may order correction, *United States v. Montanye*, 996 F.2d 190, 192 (8th Cir. 1993) (en banc), but we will not exercise our discretion unless

the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Olano*, 507 U.S. at 732.

Smith has not shown that the district court erred by failing to limit the government's direct examination. Generally, leading questions are best reserved for cross-examination. However, leading questions may properly be used on direct examination with certain witnesses–such as an adverse party or a potentially hostile witness. Fed. R. Evid. 611(c).[3]

In this case, the district court–either under its discretionary authority or because no objection was lodged–allowed several leading questions at various stages of the trial. However, the district court also properly instructed the jury that an unanswered leading question provides no information and is not evidence. The district court further explained to the jury that an answered leading question should be given only the limited weight that it deserves. Additionally, our review indicates that many of the leading questions were clearly permissible–taking into account the district court's broad discretion–under Rule 611(c). As to the remaining objectionable questions and answers, none rise to the level of prejudice that would warrant relief under our plain-error standard. Accordingly, we affirm Smith's conviction and sentence, but do so without prejudice to his ineffective assistance of counsel claim.

_____

[3] Leading questions should not be used on direct examination of a witness except as may be necessary to develop the witness's testimony. Ordinarily, leading questions should be permitted on cross-examination. When a party calls a hostile witness, an adverse party, or a witness identified with an adverse party, interrogation may be by leading questions. The Advisory Committee Notes to Rule 611(c) state that with respect to leading questions, "[t]he matter clearly falls within the area of control by the judge over the mode and order of interrogation and presentation and accordingly is phrased in words of suggestion rather than command."