# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3558

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska |
| Jose Guitron-Alfredo, | * | |
| | * | [Unpublished] |
| Appellant. | * | |

_____

Submitted: October 26, 2004
Filed:  November 9, 2004

_____

Before RILEY, McMILLIAN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Jose Guitron-Alfredo (Guitron) appeals from the final judgment entered in the District Court[1] for the District of Nebraska upon his guilty plea to conspiring to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1); possessing a firearm in connection with a drug-trafficking crime, in violation of 18 U.S.C. § 924(c); and a forfeiture count

_____

[1]The Honorable Thomas M. Shanahan, United States District Judge for the District of Nebraska.

under 21 U.S.C. § 853. The district court sentenced Guitron to consecutive prison terms of 120 months on the drug count and 60 months on the firearm count, and two concurrent 5-year supervised release terms. Counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing for reversal that Guitron's sentence is unconstitutional because it is cruel and unusual punishment and is based on the quantity of drugs Guitron possessed without regard to the quality or purity of the drugs, and because the district court lacked the authority to depart from the mandatory minimum statutory sentence. In his pro se supplemental brief, Guitron argues that he did not receive the help he had expected from his counsel and that his firearm possession conviction is invalid. For the reasons stated below, we affirm the judgment of the district court.

The arguments in the Anders brief are foreclosed by binding precedent. See Chapman v. United States, 500 U.S. 453, 467 (1991) (in noncapital cases, "Congress has the power to define criminal punishments without giving the courts any sentencing discretion"); United States v. Collins, 340 F.3d 672, 679-80 (8th Cir. 2003) (mandatory minimum penalties for drug offenses do not violate Eighth Amendment); United States v. Mendoza, 876 F.2d 639, 641 (8th Cir. 1989) (mandatory minimum penalties based on quantity of drugs without regard to purity satisfy due process). The pro se challenge to the firearm charge fails because the district court established a factual basis for the offense, see United States v. Cuervo, 354 F.3d 969, 990-91 (8th Cir.) (elements of § 924(c) offense), cert. denied, 125 S.Ct 199 (2004), and Guitron admitted that he committed the offense, see Adkins v. United States, 298 F.2d 842, 844 (8th Cir.) (per curiam) (plea of guilty is admission of all essential elements of indictment), cert. denied, 370 U.S. 954 (1962). We decline to address Guitron's ineffective assistance claim, which would be more appropriately raised in a 28 U.S.C. § 2255 proceeding where a record can be fully developed. See United States v. Smith, 378 F.3d 754, 755 (8th Cir. 2004).

Following our independent review of the record, <u>see</u> <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we find no nonfrivolous issues.  Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment of the district court.

_____