# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1777

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| | * | |
| Raymond Damon Smith, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: October 19, 2009
Filed: October 26, 2009

_____

Before WOLLMAN, MURPHY, and BYE, Circuit Judges.

_____

PER CURIAM.

In 2003, Raymond Smith received a sentence of 400 months after he was found guilty of conspiracy to distribute and possession with intent to distribute approximately 1,912 grams of cocaine base (commonly known as "crack"). Smith brought a motion under 18 U.S.C. § 3582(c) for a reduction in his sentence pursuant to a guidelines amendment (Amendment 706) which reduced the advisory base offense level for crack offenses by two levels. He also asked the district court[1] to appoint counsel and conduct a full resentencing in order to weigh all the factors set

_____

[1] The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

forth in 18 U.S.C. § 3553(a) in support of a greater sentence reduction. The district court calculated an amended advisory guidelines range of 324-405 months, but declined to modify Smith's sentence, citing the scope and duration of Smith's criminal activities.

Smith appeals, arguing the district court had authority to conduct a full resentencing and erred by not doing so. He acknowledges his argument is foreclosed by United States v. Starks, 551 F.3d 839, 843 (8th Cir. 2009) (concluding district courts do not have authority, in resentencing proceedings resulting from the crack cocaine amendments, to conduct full resentencings or grant reductions beyond the two-level decrease authorized by the Sentencing Commission), but brings this appeal in order to preserve the issue for further review.

Smith further argues the district court abused its discretion in failing to modify Smith's sentence.[2] The district court's decision not to reduce a sentence under 18 U.S.C. § 3582(c) is reviewed for abuse of discretion. United States v. Wyatt, 115 F.3d 606, 609 (8th Cir. 1997). Smith concedes his 400-month sentence falls within the recalculated guidelines range, but nonetheless argues the court abused its discretion. We disagree. The district court, in its order, based its decision on trial testimony showing Smith was spotted by police in his yard with a brick of cocaine and a pistol. Smith was arrested shortly thereafter in his residence, and the police seized a loaded gun, scales, cash, a bullet proof vest, and surveillance cameras. The district court also considered Smith's prior conviction for unlawful sexual intercourse with a minor. Having reviewed the record, we conclude the district court did not abuse its discretion in declining to modify Smith's sentence.

---

[2]Smith also contends that the district court should have reduced his sentence to a level below the low end of the guidelines range. This argument is foreclosed by Starks, 551 F.3d at 840.

We affirm the judgment of the district court.

_____