# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-3842

_____

United States of America

*Plaintiff - Appellee*

v.

Raymond Damon Smith

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: October 16, 2017
Filed: December 18, 2017
[Unpublished]

_____

Before WOLLMAN, BEAM, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Raymond Damon Smith appeals the extent of the district court's[1] reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). Smith was convicted by jury in 2002

---

[1]The Honorable John R. Tunheim, Chief Judge, United States District Court for the District of Minnesota.

of conspiracy to distribute, and possession of cocaine base with intent to distribute. Prior to sentencing, the probation office determined that Smith was responsible for at least 1.9 kilograms of cocaine base, and with other enhancements and criminal history calculations, his suggested sentencing Guidelines range was 360 months to life. Smith was sentenced to 400 months. We affirmed on direct appeal. United States v. Smith, 378 F.3d 754 (8th Cir. 2004), and again affirmed after a Booker[2] remand. United States v. Smith, 429 F.3d 1179 (8th Cir. 2005).

In 2009, Smith moved the district court[3] to lower his sentence based upon Amendment 706 to the sentencing Guidelines. The district court declined to lower his sentence, citing his original concerns at sentencing that Smith was a dangerous drug dealer. We affirmed. United States v. Smith, 348 F. App'x 199 (8th Cir. 2009) (unpublished). Next, in 2014, Smith filed a second motion for a sentence reduction under § 3582(c)(2) after the Sentencing Commission again retroactively amended the Guidelines for crack cocaine offenses with Guideline amendments 750 and 759. Under the amended Guidelines, Smith's Guidelines range was lowered to 262 to 327 months, and Smith requested a sentence of 262 months, at the bottom of the range. The government advocated for a middle-range sentence of 290 months, which is the sentence the district court ultimately chose. Finally, the Sentencing Commission promulgated retroactive Guideline amendment 782, and in February 2016, Smith submitted a third sentence reduction motion under § 3582(c)(2) because his Guidelines range was now 210 to 262 months. The district court granted the motion and sentenced Smith to 233 months. In so doing, the district court fully explained its decision and utilized the § 3553(a) factors that both supported the decision to lower

_____

[2]United States v. Booker, 543 U.S. 220 (2005).

[3]Smith was originally sentenced by the Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota. Judge Rosenbaum also handled Smith's 2009 motion for resentencing. The matter was reassigned to Judge Tunheim when Judge Rosenbaum retired in 2010.

the sentence, but also warranted a sentence above the bottom of the range, which Smith had requested.  Smith appeals.

We review de novo the decision of whether a defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).  United States v. Long, 757 F.3d 762, 763 (8th Cir. 2014). Section 3582(c)(2) provides that when an incarcerated defendant's sentencing range has been subsequently lowered by the Sentencing Commission, the court may reduce the term of imprisonment, and we review the decision to lower, and the amended sentence, for an abuse of discretion.  United States v. Burrell, 622 F.3d 961, 964 (8th Cir. 2010).  Here it is uncontested that Smith was eligible, yet again, for a sentence reduction, and in fact the district court, again, lowered his sentence.  Smith simply challenges the extent of the reduction, arguing that the original sentencing court took into account a prior conviction using a flawed factual premise, and that this error has infected all of his subsequent proceedings. Having reviewed the record, we find no abuse of discretion.  The district court properly considered Smith's history and characteristics pursuant to 18 U.S.C. § 3553(a).  And, the district court's 2014 sentence-reduction order indicates that the court knew the proper factual basis for the prior conviction of which Smith complains, undercutting Smith's current argument.  Accordingly, we affirm.

_____