# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-1155

_____

United States of America

*Plaintiff - Appellee*

v.

Richard Lavern Hoskins

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: September 17, 2012
Filed: October 15, 2012
[Unpublished]

_____

Before MELLOY, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

Defendant Richard Hoskins appeals the district court's[1] denial of his motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). The district court rejected

---

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

Hoskins's claim that his sentence under a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement was "based on" the crack-cocaine guidelines. We affirm.

## I.

Pursuant to a Rule 11(c)(1)(C) agreement, Hoskins pled guilty to conspiring to manufacture, distribute, and possess with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). Under the agreement, Hoskins's sentence was "327 months imprisonment and a term of supervised release for at least 10 years."

For Hoskins to be eligible for a reduction in sentence, his sentence must be "based on a sentencing range that has subsequently been lowered." 18 U.S.C. § 3582(c)(2). To determine whether the 327-month sentence was "based on" the crack-cocaine guidelines, we must examine the various reasons for the sentence as stated in the plea agreement. First, the plea agreement states that the "parties agree that this sentence takes into account the cooperation already provided by the defendant." Next, the plea agreement states that the sentence is

> based upon a consideration of the United States Sentencing Commission Guidelines and the enhanced mandatory minimum that would usually apply in this type of case and the statutes that apply to this offense and federal criminal cases in general. The parties understand that the provisions of the Sentencing Guidelines are advisory, not mandatory, and the district court will consider them, along with the factors set forth in Title 18, United States Code, Section 3553(a), in determining whether to accept this plea agreement and impose the stipulated sentence. The Sentencing Guidelines establish a sentencing range based upon factors determined to be present in the case. . . .

The plea agreement then details various potentially applicable Guidelines factors, including type and quantity of drugs involved, role in the offense, possession

of a dangerous weapon, criminal history, acceptance of responsibility, and assistance to the Government. The Government admitted that Hoskins provided substantial assistance. Regarding every other listed Guidelines factor, the plea agreement states that "the parties have reached no agreement" as to whether the factors are applicable.

The plea agreement also discusses Hoskins's prior drug convictions. While the plea agreement makes no official finding on Hoskins's career-offender status under United States Sentencing Guidelines § 4B1.1, the agreement does state that Hoskins "admits that he has two prior felony drug convictions and may be a Career Offender under § 4B1.1 of the Federal Sentencing Guidelines." Hoskins also admits that these convictions placed him under 21 U.S.C. § 841(b)(1)(A), which mandates a life sentence for individuals previously convicted of two drug felonies. However, under the plea agreement, the Government agreed to consider only one of Hoskins's prior felonies as part of sentencing.

The presentence investigation report (PSR) calculated a base offense level of 36 because Hoskins's offense involved at least 1.5 kilograms of cocaine base, but less than 4.5 kilograms. After adjustments for role in the offense and acceptance of responsibility, Hoskins's total offense level was 36, which produced a Guidelines range of 324 to 405 months. The PSR found that Hoskins is a career offender, which produced a Guidelines range of 262 to 327 months.

The district court approved the plea agreement and sentenced Hoskins to the 327 months stipulated in the Rule 11(c)(1)(C) agreement. On December 16, 2011, Hoskins filed a motion for reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). Hoskins asserted that he is eligible for a reduction pursuant to Freeman v. United States, 131 S. Ct. 2685 (2011), because his sentence was "based on" a Guidelines range subsequently lowered by the Sentencing Commission, the crack-cocaine guidelines. See U.S. Sentencing Guidelines Manual, app. C, amend. 750 (2011). The district court denied Hoskins's motion, finding that his sentence was not based on the

crack-cocaine guidelines. The district court held that the stipulated sentence in the agreement was not based on a Guidelines range, but instead on Hoskins's substantial assistance to the Government and his desire to avoid a mandatory life sentence. Alternatively, the district court held that if the agreement was based on a Guidelines range, it was based on the career-offender guidelines, which have not subsequently been lowered. Hoskins now appeals.

## II.

On appeal, Hoskins only argues that the district court incorrectly concluded that his plea agreement was based on the career-offender guidelines and not the crack-cocaine guidelines. "We review de novo the district court's authority to modify a sentence under 18 U.S.C. § 3582(c)(2)." United States v. Tolliver, 570 F.3d 1062, 1065 (8th Cir. 2009).

In Freeman, the U.S. Supreme Court determined if, and when, a defendant who entered into a Rule 11(c)(1)(C) agreement can move for a reduction in sentence under 18 U.S.C. § 3582(c)(2). 131 S. Ct. 2690. Four Justices held that Rule 11(c)(1)(C) agreements are "based on" a Guidelines range and can be subject to a reduction in sentence because district court judges are required to use the Guidelines as a range when determining whether to accept an agreement. See id. at 2695. Justice Sotomayor, who concurred in the judgment, affirmed the lower court on narrower grounds. Id. Because Justice Sotomayor's opinion was decided on narrower grounds than the plurality, we treat her opinion as the controlling authority. See, e.g., United States v. Rubashkin, 655 F.3d 849, 865 (8th Cir. 2011) ("When there is no majority opinion in a Supreme Court case, the holding of the [C]ourt may be viewed as that position taken by those Members who concurred in the judgment on the narrowest grounds." (citation and internal quotation marks omitted)).

Justice Sotomayor held that the sentence in a Rule 11(c)(1)(C) agreement is "'based on' the agreement itself." Freeman, 131 S. Ct. at 2696. According to Justice Sotomayor, using the Guidelines as a "yardstick" when crafting a Rule 11(c)(1)(C) agreement is not enough to make the agreement "based on" a particular Guidelines sentencing range. Id. Instead, the Rule 11(c)(1)(C) agreement must "expressly use[]" the subsequently lowered Guidelines range. Id. at 2698. Justice Sotomayor described two circumstances in which a sentence in a Rule 11(c)(1)(C) agreement is "based on" a Guidelines range and eligible for a reduction in sentence: 1) the agreement states that the defendant will be sentenced "within a particular Guidelines sentencing range," or 2) the agreement calls for a "specific term of imprisonment — such as a number of months — but also *make[s] clear* that the basis for the specified term is a Guidelines sentencing range applicable to the offense to which the defendant pleaded guilty." Id. at 2697 (emphasis added).

We agree with the district court's finding that Hoskins's plea agreement does not expressly use the crack-cocaine guidelines. The agreement states that it "takes into account" Hoskins cooperation. Further, the agreement refers to 21 U.S.C. § 841(b)(1)(A), which would mandate a life sentence for Hoskins without this Rule 11(c)(1)(C) agreement. While the agreement also discusses the Sentencing Guidelines, these are only described as a factor, which does not "make clear" that the basis for the sentence is the crack-cocaine guidelines. In fact, the crack-cocaine guidelines range is not mentioned. Instead, Hoskins's 327-month sentence is at the top of the career-offender range. Therefore, the plea agreement does not support Hoskins's assertion that his 327-month sentence was based on a subsequently lowered guideline range.

III.

For the foregoing reasons, we affirm the district court's judgment.

_____

-5-