# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-2283

_____

United States of America

*Plaintiff - Appellee*

v.

Lavell Williams

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: December 10, 2012
Filed: December 21, 2012
[Unpublished]

_____

Before WOLLMAN, BYE, and BENTON, Circuit Judges.

_____

PER CURIAM.

Lavell Williams pleaded guilty to conspiring to distribute cocaine base in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846, and stipulated that she was subject to an enhanced penalty of mandatory life imprisonment because of her prior felony drug convictions. Williams had the benefit, however, of a plea agreement with the government under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure,

whereby the parties agreed to a sentence of 262 months primarily in exchange for Williams's substantial assistance. The district court[1] accepted the plea agreement and sentenced Williams to 262 months.

Approximately three years later, Williams moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). She claimed she should benefit from Amendment 750 to the Sentencing Guidelines. Effective November 1, 2011, Amendment 750 retroactively implemented the provisions of the Fair Sentencing Act of 2010, which (in relevant part) increased the amount of cocaine base required to trigger mandatory minimum sentences. The district court denied the request for a sentence reduction.

Reviewing de novo, see United States v. Collier, 581 F.3d 755, 758 (8th Cir. 2009), we conclude the district court correctly determined it did not have authority to reduce the 262-month sentence. To be eligible for a sentence reduction, Williams's sentence had to be "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Here, the 262-month sentence was not "based on" any particular sentencing range, but the result of a Rule 11(c)(1)(C) plea agreement which took into account eight delineated factors, none of which expressly referred to a particular sentencing range.[2] In such circumstances, a sentence is not "based on" a sentencing range but upon the Rule 11(c)(1)(C) plea

---

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

[2]The plea agreement indicated the parties had discussed various factors when reaching an agreement on a 262-month sentence, which included, but were not limited to (1) the type and quantity of drugs involved in the offense; (2) the defendant's role in the offense; (3) the possession of a dangerous weapon by defendant; (4) the defendant's criminal history; (5) acceptance or lack of acceptance of responsibility; (6) the defendant's agreement not to seek downward departures or variances; (7) the defendant's assistance; and (8) the defendant's additional criminal conduct.

agreement itself.  See United States v. Browne, __ F.3d __, 2012 WL 5381913, at *2-4 (8th Cir. Nov. 5, 2012) (applying Freeman v. United States, __ U.S. __, 131 S.Ct. 2685 (2011) to a Rule 11(c)(1)(C) plea agreement and affirming the denial of a request for a sentence reduction under § 3582(c)(2) "[b]ecause the written plea agreement did not expressly state a Sentencing Guidelines range as the basis for the parties' agreed upon sentence"); United States v. Johnson, __ F.3d __, 2012 WL 5308039, at *1 (8th Cir. Oct. 30, 2012) (same); United States v. Hoskins, No. 12-1155, 2012 WL 4856984, at *2-3 (8th Cir. Oct. 15, 2012) (same).

We therefore affirm the district court.

_____