# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-1553

_____

United States of America

*Appellee*

v.

Shawn Demar Johnson

*Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa

_____

Submitted: September 18, 2012
Filed: October 30, 2012
[Published]

_____

Before GRUENDER, ARNOLD, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Shawn Johnson appeals from the district court's[1] denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). We affirm.

_____

[1]The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa.

After Mr. Johnson pleaded guilty to possessing cocaine base (crack) with the intent to distribute it, *see* 21 U.S.C. § 841(a)(1), the district court sentenced him to 30 months' imprisonment in accordance with a plea agreement that Mr. Johnson had entered into under Fed. R. Crim. P. 11(c)(1)(C). Mr. Johnson later moved for a sentence reduction based on retroactive amendments to the Sentencing Guidelines. *See* U.S.S.G., app. C, amend. 750. To be eligible for a reduction, Mr. Johnson had to have been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). He maintains that his sentence was "based on a sentencing range" because his plea agreement states that his 30-month sentence "adequately takes into account all of the factors to be considered under the advisory sentencing guidelines that apply to this offense."

We agree with the district court that this language does not make Mr. Johnson eligible for a reduction. According to Justice Sotomayor's concurring opinion in *Freeman v. United States*, 131 S. Ct. 2685 (2011), the principles of which supply the rule of decision in this case, *see Marks v. United States*, 430 U.S. 188, 193 (1977), a sentence under Rule 11(c)(1)(C) is "based on" the Guidelines if the plea agreement "expressly uses a Guidelines sentencing range applicable to the charged offense to establish the term of imprisonment," *Freeman*, 131 S. Ct. at 2695 (Sotomayor, J., concurring). But here, though the Guidelines were adverted to generally, there is no express connection between them and Mr. Johnson's sentence: there was no intimation that the agreed-upon " 'sentence [was] determined pursuant to the Sentencing Guidelines.' " *Cf. id*. at 2699 (quoting the plea agreement in *Freeman*). The agreement does not "make clear that the basis for the specified term is a Guidelines sentencing range applicable to the offense to which [Mr. Johnson] pleaded guilty," since a Guidelines "sentencing range is [not] evident from the agreement itself." *Id*. at 2697. We thus cannot say that the Guidelines "range serves as the basis or foundation for the term of imprisonment." *Id*. at 2695.

Affirmed.

_____