# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-1812

_____

United States of America

*Plaintiff - Appellee*

v.

Terry L. Golden

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: January 17, 2013
Filed: March 13, 2013

_____

Before LOKEN, MURPHY, and COLLOTON, Circuit Judges.

_____

MURPHY, Circuit Judge.

In 2006 Terry Golden pled guilty to conspiracy to distribute more than 50 grams of cocaine base. Golden cooperated with the investigators, and based on his substantial assistance the district court[1] granted him a 39% downward departure from

_____

[1] The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

the bottom of his 262 to 327 month guideline range, resulting in a sentence of 160 months. Golden received a further reduction in 2008 after an amendment by the United States Sentencing Commission reduced the bottom of his guideline range to 240 months, the statutory minimum. The district court again applied a 39% reduction to the bottom of Golden's guideline range and resentenced him to 146 months. The Commission subsequently amended the guidelines once more in 2010, and Golden moved for another reduction. The district court denied this motion because the bottom of Golden's guideline range remained 240 months. The new amendment had not changed his guideline range which still remained subject to the mandatory minimum. Golden appeals, and we affirm.

On September 16, 2005, agents raided Terry Golden's house in Parma, Missouri. They found 1.2 grams of cocaine base, currency, a list of people owing him money, and several bullets. Following his arrest, Golden cooperated extensively with the authorities and agreed to plead guilty to conspiracy to distribute more than 50 grams of cocaine base. His offense level was calculated to be 37, which with a criminal history of III yielded a guideline range of 262 to 327 months. The statutory mandatory minimum for his offense was and remains 240 months.

At his original sentencing the government recommended a downward departure based on Golden's substantial assistance. The district court granted the motion and departed downward 39% from 262 months, the bottom of Golden's guideline range, which resulted in a sentence of 160 months. The Commission subsequently amended the guidelines in 2008 to reduce sentences for crack cocaine offenses, and Golden moved to have his sentence reduced. The effect of the amendment was to reduce Golden's offense level to 35, which would make his guideline range 210 to 262 months if he had not still faced a statutory mandatory minimum sentence of 240 months. That mandatory minimum became the bottom of his new guideline range. The district court applied the same 39% reduction given at the original sentencing to the 240 month bottom of his guideline range and resentenced Golden to 146 months.

-2-

In 2010 the guidelines were amended again, and Golden moved for another sentence reduction. Absent the mandatory minimum which applied to his offense, Golden's new range would have been 168 to 210 months. The district court determined that Golden was still subject to the statutory mandatory minimum, however, and was thus not affected by the 2010 sentencing amendment. He was therefore not eligible for a further reduction to his sentence.

Golden appeals, arguing that refusal to apply such a sentencing reduction to offenders who have provided substantial assistance is inconsistent with the guidelines. Golden alternatively contends that if the guidelines prohibit these reductions, they are contrary to the delegated authority of the Sentencing Commission.

We review de novo whether the district court had authority to reduce Golden's sentence. United States v. Washington, 618 F.3d 869, 872 (8th Cir. 2010). A defendant's sentence can be reduced when it is "based on a sentencing range that has subsequently been lowered" by a retroactive amendment to the guidelines. 18 U.S.C § 3582(c)(2). If the 2010 amendment by the Commission had altered Golden's guideline range, the district court would have had the authority to reduce his sentence. Dillon v. United States, 130 S. Ct. 2683, 2691–92 (2010).

Under the guidelines, "where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." U.S.S.G. § 5G1.1. This remains the rule even when a sentencing judge has imposed a sentence below the statutory minimum due to the defendant's substantial cooperation. United States v. Baylor, 556 F.3d 672, 673 (8th Cir. 2009) (per curiam). Golden's guideline range was originally 262 to 327 months. The 2008 amendments to the guidelines would have reduced his guideline range to between 210 and 262 months if he had not been subject to a statutory mandatory minimum. Because Golden still faced a statutory mandatory minimum of 240 months, however, that became the bottom of his guideline range. The 2010

amendment did not affect Golden's statutory mandatory minimum which remained at 240 months. See id. Application of a 39% reduction to that mandatory minimum would have resulted in the same 146 month sentence Golden received after the 2008 amendment.

Golden contends that application note 1 to U.S.S.G. § 1B1.10 draws a distinction between his guideline "sentence" and his guideline "range," and thus authorizes a reduction. That application note states that an offender is only eligible for a sentence reduction if a listed amendment "lowers the applicable guideline range." Amendment 759 to the guidelines added an explanatory parenthetical defining the applicable guideline range as "the guideline range that corresponds to the offense level and criminal history category . . . which is determined before consideration of any departure provision in the Guidelines Manual or any variance." While Golden's statutory minimum never changed, Golden argues that his "applicable guideline range" must have changed. He contends that application note 1 establishes such range solely by reference to the offense level and the criminal history categories.

Arguments like Golden's have generally been rejected by the district courts which have considered them, see, e.g., United States v. Barfield, 2012 WL 73192, at *3 (E.D. Wis. Jan. 6, 2012) (Adelman, J.); United States v. Freeman, 2012 WL 178354, at *3 (W.D. Va. Jan. 23, 2012) (Kiser, J.), and we do not disagree. The 2010 amendment did not alter Golden's guideline range. The parenthetical in application note 1 was intended to resolve a circuit split as to whether a court applies a departure provision prior to calculating the "applicable guideline range" under U.S.S.G. § 1B1.10. See U.S.S.G., App'x C, Vol. III, at 421. Any suggestion that application note 1 was meant to create a distinction between a guideline "range" and guideline "sentence" is obviated by additional language in the note, which explicitly instructs that a reduction is not authorized when an otherwise applicable amendment does not lower "the defendant's applicable guideline range because of the operation of . . . a statutory mandatory minimum." U.S.S.G. § 1B1.10 app. n.1.

Golden claims that U.S.S.G. application note 3 provides additional support for the sentence reduction he seeks. U.S.S.G. § 1B1.10 app. n.3. That note permits a sentence below the guideline minimum when a defendant has rendered substantial assistance, and clarifies that in such circumstances a subsequent amendment lowering the minimum term of imprisonment also permits a proportional reduction to the offender's sentence. Id. This is what permitted Golden's 2008 sentence reduction: after the bottom of Golden's guideline range changed from 262 months to 240 months, the district court applied the same 39% departure to the new minimum and resentenced him to 146 months. Note 3 does not apply in this case, however, since Golden's guideline range was not changed by the 2010 amendment.

Golden points out that two other circuit courts have decided that a sentence reduction was authorized where an offender's initial guideline range was higher than the mandatory minimum and a subsequent guideline amendment lowered the bottom of the applicable range below this statutory minimum. See United States v. Wren, 2013 U.S. App. LEXIS 2599 (7th Cir. Feb. 7, 2013); United States v. Liberse, 688 F.3d 1198 (11th Cir. 2012). In Liberse, the offender's original guideline range was 121 to 151 months and the mandatory minimum was 120 months. A subsequent amendment reduced the bottom of his guideline range to the statutory minimum of 120 months, and thus Liberse was eligible for resentencing.[2] Liberse, 688 F.3d at 1202. This is the same situation Golden faced in 2008, when a guideline amendment lowered the bottom of his guideline range to the mandatory minimum. The situation changed for Golden in 2010, however, because his mandatory minimum was not affected by the new amendment.

The factual situation in Wren was somewhat similar in that two offenders had initial guideline ranges of 121 to 151 months and a mandatory minimum of 120

_____

[2] In dicta the court speculated that Liberse's guideline range might have become even lower because the mandatory minimum might no longer apply, but it declined to decide that question. Liberse, 688 F.3d at 1202.

months applied. A subsequent amendment lowered the bottom of their guideline ranges below this statutory minimum, however. 2013 U.S. App. LEXIS at *2. Even though this minimum would have become the bottom of the offenders' newly reduced guideline ranges under U.S.S.G. § 5G1.1, the Wren court relied on a comment from a different section of the guidelines that at resentencing "the court shall substitute only the amendments . . . for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." Id. at *4–5 (emphasis original) (citing U.S.S.G. § 1B1.10(b)(1)). When the two offenders in Wren were first sentenced, their guideline ranges were above the mandatory minimum so § 5G1.1 had no relevance at that time. From this Wren concluded that applying § 5G1.1 at resentencing would be an impermissible new "guideline application decision." We respectfully disagree with that conclusion.

When determining the new guideline range after a retroactive amendment, a district court is forbidden to reconsider previous factual determinations, see United States v. Hasan, 245 F.3d 682, 685 (8th Cir. 2001) (en banc), but the existence of a statutory minimum always imposes a boundary on the bottom of an offender's guideline range. Had the 2010 amendment been in place at the time of Golden's original sentence, the mandatory minimum still would have set the bottom of Golden's guideline range and would still represent the point of departure for the court's 39% reduction. Adopting the interpretation in Wren would place defendants in a better position than they would have had if the amendment had "been in place at the time of the original sentencing." United States v. Jones, 523 F.3d 881, 882 (8th Cir. 2008). It would also perversely favor defendants whose sentences were too high to be initially affected by the mandatory minimum, while punishing those whose comparatively less wrongful conduct entitled them to a lower initial sentence.

Golden finally asserts that if the reduction he seeks is not permitted under the Commission's guidelines, they are contrary to the intent of Congress that persons who

render substantial assistance to the government be eligible for sentences below the statutory minimum. <u>See</u> 28 U.S.C. § 994(n). When reviewing an agency's construction of a statute, we first see if Congress has spoken unambiguously on the subject, and if not, whether the agency's interpretation is a "permissible" one. <u>Chevron USA Inc. v. Natural Res. Def. Council, Inc.</u>, 467 U.S. 837, 842–43 (1984). Section 994(n) requires that the Commission's guidelines "reflect the general appropriateness of imposing . . . a sentence that is lower than that established by statute as a minimum sentence, to take into account a defendant's substantial assistance. . . ."

The framework established by the Commission reasonably reflects these policy goals. Golden's sentence currently is 39% lower than his statutory mandatory minimum, reflecting the policy goals articulated in § 994(n) to reward persons who provide substantial assistance to the authorities. The Commission is not obligated to allow a further reduction simply because an otherwise similar offender not subject to a statutory mandatory minimum would have a lower guideline range. Moreover, the Commission would have no authority to eliminate a statutory mandatory minimum imposed by Congress.

The district court properly followed the sentencing guidelines in denying Golden's argument for a sentencing reduction beyond the 39% reduction he had already received from his mandatory minimum sentence. We therefore affirm the judgment of the district court.

_____