LOKEN, Circuit Judge.
Elnora Logan appeals the district court’s denial of her 18 U.S.C. § 3582(c)(2) motion to reduce her sentence based on an amendment to the advisory guidelines that lowered the base offense levels for certain cocaine base (“crack cocaine”) drug offenses. The district court ruled that Logan was not eligible for § 3582(c)(2) relief. We conclude that this ruling is inconsistent with the Supreme Court’s recent decision in Freeman v. United States, — U.S. -, 131 S.Ct. 2685, 180 L.Ed.2d 519 (2011), governing when defendants sentenced for crack offenses based upon Rule 11(c)(1)(C) plea agreements are eligible for § 3582(c)(2) relief. Accordingly, we reverse.
A district court has very limited authority to reduce a term of imprisonment after it has been imposed. 18 U.S.C. § 3582(c). An often-invoked exception to the general rule is found in § 3582(c)(2), which provides in relevant part:
(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission ... upon motion of the defendant ... the court may reduce the term of imprisonment ... if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.
The Sentencing Commission’s introductory guidelines limit this authority to guideline amendments it has expressly made retroactive, which include the crack cocaine amendments. See U.S.S.G. § 1B1.10(a)(2), (c). We review de novo the district court’s determination that Logan was not eligible for a reduction under 18 U.S.C. § 3582(c)(2). United States v. Browne, 698 F.3d 1042, 1045 (8th Cir.2012).
I.
In March 1996, Logan pleaded guilty to conspiring to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. The plea agreement included sentencing stipulations but recited that the sentence to be imposed was “within the Court’s discretion.” The agreement further provided that Logan would “fully cooperate” and explained the government’s discretion to file a substantial assistance motion either at the time of sentencing or thereafter.
A presentence investigation report (“PSR”) was then prepared. The PSR recommended findings that would result in an advisory guidelines range of 151 to 188 months in prison. It also reported a previously unknown prior felony drug conviction that exposed Logan to a mandatory minimum twenty-year sentence. See 21 U.S.C. § 841(b)(1)(A). Paragraph 7 of the plea agreement provided that “the government may withdraw from the plea agreement” if Logan “is found to have a prior felony drug conviction.” Instead, in early August 2006, the parties entered into a *858 Sentencing Agreement and Stipulation pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure (“the (C) Agreement”). In the (C) Agreement, the parties agreed to “the sentencing guideline computation” in the PSR, including the advisory guidelines range of 151 to 188 months, in consideration for the government not exercising its right to withdraw from the prior plea agreement and an understanding that “any and all” substantial assistance provided by Logan “ha[d] been considered and included within the agreed-upon sentencing range of 151-188 months.” At the August 18 sentencing, the district court approved the (C) Agreement and sentenced Logan to 156 months in prison.
In June 2008, following the initial retroactive crack cocaine amendment, the district court reviewed Logan’s sentence and denied § 3582(c)(2) relief because she was sentenced “consistent with a binding” (C) Agreement. At the time, this ruling was consistent with decisions of many of our sister circuits. See United States v. Scurlark, 560 F.3d 839, 841 n. 2 (8th Cir.), cert. denied, 558 U.S. 1048, 130 S.Ct. 738, 175 L.Ed.2d 514 (2009).
In July 2008, the government filed a Rule 35(b) motion to reduce Logan’s sentence for substantial assistance she provided after sentencing. The government recommended a twenty percent reduction. The district court granted the motion and reduced Logan’s sentence to 120 months, the mandatory minimum applicable to the drug quantity to which the parties stipulated in the (C) Agreement. In September 2011, Logan moved for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on the 2011 retroactive crack cocaine amendment. See U.S.S.G. App. C, Amend. 750. The district court denied the motion, concluding that Logan was ineligible for a reduction because her sentence had been previously reduced to the statutory minimum. Logan appeals that order. The government primarily argues that the (C) Agreement makes Logan ineligible for relief under § 3582(c)(2) as construed in Freeman. We disagree.
Unlike most plea agreements, which leave the sentence to be imposed to the discretion of the district court at sentencing, an agreement under Rule 11(c)(1)(C) “binds the court once the court accepts the plea agreement.” This raises the question whether a sentence imposed by the court after accepting a Rule 11(c)(1)(C) agreement was “based on a sentencing range that has subsequently been lowered” within the meaning of § 3582(c)(2). In Freeman, a sharply divided Court resolved a conflict in the circuits on this question. There was no majority opinion in Freeman. Four Justices broadly concluded that defendants sentenced in accordance with Rule 11(c)(1)(C) agreements are eligible for discretionary § 3582(c)(2) relief because the guidelines mandate that acceptance of a (C) agreement “is itself based on the Guidelines.” 131 S.Ct. at 2692 (opinion of Kennedy, J.); see U.S.S.G. § 6B1.2. Four dissenting Justices would have categorically precluded § 3582(e)(2) relief because a sentence entered in accordance with a Rule 11(c)(1)(C) agreement is “based on” the agreement, not a guidelines range. 131 S.Ct. at 2700 (Roberts, C.J., dissenting). Justice Sotomayor, the fifth vote to reverse, adopted a narrower middle ground. 131 S.Ct. at 2695 (Sotomayor, J., concurring). We concluded in Browne, as have most other circuits, that Justice Soto-mayor’s concurring opinion “is controlling and represents the holding of the Court” in Freeman. 698 F.3d at 1045.
Justice Sotomayor agreed with the dissenting Justices that a sentence imposed in accord with a Rule 11(c)(1)(C) agreement is “based on” the agreement, not on the district court’s consideration of the *859 guidelines in deciding whether to accept the plea. Freeman, 131 S.Ct. at 2695. Therefore, “the mere fact that the parties to a (C) agreement may have considered the Guidelines in the course of their negotiations does not empower the court under § 3582(c)(2) to reduce the term of imprisonment they ultimately agreed upon.” Id. at 2697. However, Justice Sotomayor reasoned, “if a (C) agreement expressly uses a Guidelines sentencing range applicable to the charged offense to establish the term of imprisonment, and that range is subsequently lowered by the United States Sentencing Commission, the term of imprisonment is ‘based on’ the range employed and the defendant is eligible for sentence reduction under § 3582(c)(2).” Id. at 2695.
Noting that Rule 11(c)(1)(C) expressly authorizes the parties to “agree that a specific sentence or sentencing range is the appropriate disposition of the case,” Justice Sotomayor described two types of agreement provisions that result in a sentence “based on a sentencing range” within the meaning of § 3582(c)(2). Id. at 2697. First:
In delineating the agreed-upon term of imprisonment, some (C) agreements may call for the defendant to be sentenced within a particular Guidelines sentencing range. In such cases, the district court’s acceptance of the agreement obligates the court to sentence the defendant accordingly, and there can be no doubt that the term of imprisonment the court imposes is “based on” the agreed-upon sentencing range within the meaning of § 3582(c)(2).
Id. Even Chief Justice Roberts in dissent, while advocating a categorical rule precluding reduction of any sentence based on a Rule 11(c)(1)(C) agreement, described this first “departure” from that rule as “innocent[ ] enough.” Id. at 2701. Second, Justice Sotomayor explained:
a plea agreement might provide for a specific term of imprisonment ... but also make clear that the basis for the specified term is a Guidelines sentencing range applicable to the offense to which the defendant pleaded guilty. As long as that sentencing range is evident from the agreement itself ... the term of imprisonment imposed by the court ... is “based on” that range.
Id. at 2697-98. It is this category of agreements that was the focus of the Chief Justice’s dissent. See id. at 2703 (“The reality is that whenever the parties choose a fixed term, there is no way of knowing what that sentence was ‘based on.’ ”) In Freeman, Justice Sotomayor concluded that the (C) agreement fell within this more open-ended second category and therefore Freeman was eligible for § 3582(c)(2) relief. Id. at 2700. Our post-Freeman decisions affirming denials of § 3582(c)(2) relief have similarly addressed whether the Rule 11(c)(1)(C) agreements at issue fell within this second category of (C) agreement provisions. See Browne, 698 F.3d at 1046; United States v. Hoskins, 489 Fed.Appx. 990 (8th Cir.2012), cert. denied, — U.S.-, 133 S.Ct. 1306, 185 L.Ed.2d 230 (2013).
By contrast, the Rule 11(c)(1)(C) agreement in this case falls squarely within Justice Sotomayor’s first category. The parties’ (C) Agreement explicitly adopted the recommended guidelines determinations in the PSR and then expressly agreed on a guidelines sentencing range— 151 to 188 months — not on a specific sentence. Under this Agreement, the district court retained at sentencing discretion to impose a sentence anywhere in the agreed range, discretion that necessarily had to be exercised consistent with the advisory guidelines and the sentencing factors in 18 U.S.C. § 3553(a). As Justice Sotomayor declared, “there can be no doubt” that the resulting sentence was “ ‘based on’ the *860 agreed-upon sentencing range.” 131 S.Ct. at 2697. Therefore, under the controlling decision in Freeman, Logan’s sentence was “based on” a sentencing range of 151 to 188 months in prison.
Alternatively, the government argues that Logan’s original sentence could only be “based on” the applicable 20-year statutory minimum sentence. This contention is likewise foreclosed by Justice Sotomayor’s opinion in Freeman: “it is the parties’ agreement that controls in the (C) agreement context ... even if the District Court [would have] calculated the range differently than the parties.” 131 S.Ct. at 2699 n. 8. Here, the (C) Agreement established a 151-to-188-month range. Moreover, the government did not file the information required by 21 U.S.C. § 851(a)(1) to make the 20-year minimum applicable, and the district court made no statutory minimum determination at sentencing.
II.
The district court denied Logan’s motion for § 3582(c)(2) relief on a different ground, concluding that she was “not eligible for the retroactive sentence adjustment as [she] was previously sentenced to the mandatory minimum term of imprisonment.” We disagree. It is true that a § 3582(c)(2) reduction is not authorized by a retroactive guidelines amendment that “does not have the effect of lowering the defendant’s applicable guideline range because of the operation of’ a statutory minimum sentence. U.S.S.G. § 1B1.10, comment. (n. 1(A)). At sentencing, when the statutory minimum is greater than the otherwise applicable range, the statutory minimum “shall be the guideline sentence,” U.S.S.G. § 5G1.1(b); therefore, the defendant is not later eligible for § 3582(c)(2) relief if the displaced range is retroactively lowered because the applicable statutory minimum did not change. See United States v. Baylor, 556 F.3d 672, 673 (8th Cir.2009).
But this case presents a different issue. Logan was originally sentenced based on a range of 151 to 188 months in prison, well above the 120-month statutory minimum applicable to the drug quantity stipulated in the (C) Agreement. Some two years later, the government filed a Rule 35(b) substantial assistance motion. The district court granted the motion and reduced Logan’s sentence to the statutory minimum, 120 months. The parties agree that the 2011 retroactive crack cocaine amendment lowered the range in the (C) Agreement to 92 to 115 months. This brings into play the guidelines provision that a § 3582(c)(2) reduction may not be to a term below the minimum of the amended guideline range — here, 120 months by reason of the statutory minimum — unless the sentence being reduced was below the then-applicable range pursuant to a substantial assistance motion, in which case “a reduction comparably less than the amended guideline range ... may be appropriate.” U.S.S.G. § lB1.10(b)(2)(A) & (B).
In this case, the government’s prior Rule 35(b) motion, like a substantial assistance motion at sentencing under 18 U.S.C. § 3553(e), permitted the court to “reduce the sentence to a level below the minimum sentence established by statute.” Rule 35(b)(4); see United States v. Grant, 636 F.3d 803, 807, 812-13 (6th Cir.) (en banc), cert. denied, — U.S. -, 132 S.Ct. 371, 181 L.Ed.2d 236 (2011). Therefore, although the district court limited its prior reduction to the statutory minimum, it was not required to do so and now has the discretion to grant a § 3582(c)(2) reduction comparable to that originally provided under Rule 35(b), even though such a reduction would bring Logan’s sentence below the applicable statutory minimum. Accord United States v. Cooper, 353 Fed.Appx. 70, 71-72 (8th Cir.2009) (unpublished).
*861 For these reasons, we conclude that Elnora Logan is eligible for an exercise of the district court’s substantial discretion under 18 U.S.C. § 3582(c)(2). Accordingly, we reverse the district court’s Order dated November 14, 2011, and remand for further proceedings not inconsistent with this opinion. We deny as moot the pending Joint Motion To Remand.