# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-3771

_____

United States of America

*Plaintiff - Appellee*

v.

Artie L. Tatum

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: April 8, 2013
Filed: April 25, 2013
[Unpublished]

_____

Before WOLLMAN, BEAM, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Artie Tatum appeals the district court's[1] order denying his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). We recently rejected the basis

_____

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

for Tatum's sole argument on appeal in United States v. Golden, 709 F.3d 1229, 1231–33 (8th Cir. 2013).

In 2007, Tatum pled guilty to one count of conspiracy to distribute 50 grams or more of crack cocaine in violation of 21 U.S.C. §§ 841, 846, and 851. Tatum's offense level and criminal history category would have resulted in a guideline range of 140 to 175 months, but the bottom of his guideline range became 240 months due to the applicable statutory mandatory minimum. The government moved for a downward departure under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 based on Tatum's substantial assistance, which the district court[2] granted. Tatum was then sentenced to 170 months in prison.

Subsequently, the Sentencing Commission amended the guidelines to lower base offense levels for certain crack cocaine offenders. In 2012 Tatum filed a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), citing the guideline amendment which had become effective the previous year. He argued that his guideline range had been retroactively reduced to 84–105 months. Although Tatum had received a sentence of 170 months, the bottom of his guideline range remained 240 months (the statutory mandatory minimum). See Golden, 709 F.3d at 1233. Accordingly, the district court concluded that his guideline range had not changed and denied his motion. Tatum appeals.

We review de novo whether the district court had authority to reduce Tatum's sentence. United States v. Washington, 618 F.3d 869, 872 (8th Cir. 2010). Tatum argues that he is eligible for a sentence reduction because application note 1 to U.S.S.G. § 1B1.10 distinguishes between guideline range, determined by his offense level and criminal history, and his guideline sentence which was the statutory

_____

[2]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

mandatory minimum. He claims that the guideline amendment retroactively lowered his guideline range even if it did not lower his guideline sentence.

In United States v. Golden we considered and rejected this same argument. 709 F.3d at 1231–33. If a defendant's offense level and criminal history were to result in a guideline range below a statutory mandatory minimum, the latter controls. U.S.S.G. § 5G1.1. The language which Tatum cites from application note 1 to U.S.S.G. § 1B1.10 was intended to resolve a circuit split on a different issue. See Golden, 709 F.3d at 1232. A retroactive reduction in Tatum's offense level did nothing to lower his guideline range because "the existence of a statutory minimum always imposes a boundary on the bottom of an offender's guideline range." Id. at 1233. The district court did not err in denying Tatum's motion for a sentence reduction, and we therefore affirm.

——————————————————————