# United States Court of Appeals
### For the Eighth Circuit

_____

No. 12-3769

_____

United States of America,

*Plaintiff - Appellee,*

v.

Anthony S. Murphy, also known as Casper,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: April 8, 2013
Filed: August 27, 2013
[Unpublished]

_____

Before COLLOTON, MELLOY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Anthony Murphy appeals the district court's[1] order denying his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 750 to the sentencing guidelines. We affirm.

In April 2005, Murphy pleaded guilty to conspiracy to possess with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), 846. Murphy's advisory guideline range was 135 to 168 months' imprisonment, but because of a prior felony drug conviction, he was subject to a statutory minimum of 240 months. *See* 21 U.S.C. §§ 841(b)(1)(A), 851. The government moved to depart downward from the statutory minimum for substantial assistance, pursuant to USSG § 5K1.1 and 18 U.S.C. § 3553(e). The district court granted the motion and sentenced Murphy to 144 months' imprisonment, followed by 8 years' supervised release.

Murphy moved for a sentence reduction based on 18 U.S.C. § 3582(c)(2) and Amendment 706 to the sentencing guidelines. Section 3582(c)(2) permits a court to reduce a defendant's sentence when it is "based on a sentencing range that has been subsequently lowered" by a retroactive amendment to the guidelines. A court may not apply § 3582(c)(2), however, if the relevant guideline amendment does not lower the defendant's applicable guideline range. *See* USSG § 1B1.10(a). Amendment 706, as modified by Amendment 711, became effective on November 1, 2007, and it was made retroactive by Amendment 713. Amendment 706 revised the drug quantity table set forth at USSG § 2D1.1, and reduced by two levels the base offense levels for certain cocaine base offenses. *United States v. Starks*, 551 F.3d 839, 840 (8th Cir. 2009). Murphy was accountable for 187 grams of cocaine base. When he was sentenced in 2005, the quantity of cocaine base for which Murphy was

---

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

accountable resulted in an offense level of 34; under the 2007 guidelines and Amendment 706, that quantity resulted in an offense level of 32.

Murphy argued that because the amendment reduced his base offense level from 34 to 32, it lowered his advisory guideline range to 108 to 135 months and thus made him eligible for a reduction. *See* § 3582(c)(2); USSG § 1B1.10(c). The district court granted a reduction to 115 months' imprisonment. The government then moved for reconsideration, asserting that the statutory minimum of 240 months was Murphy's guideline sentence, and thus the starting point for Murphy's substantial assistance departure. *See* USSG § 5G1.1(b). Because the amendment did not lower the applicable statutory minimum, the government argued, Murphy was not eligible for a reduction under Amendment 706 and § 3582(c)(2). The court accepted the government's argument and denied the reduction on reconsideration. Murphy appealed, and this court summarily affirmed.

In 2012, Murphy filed a second § 3582(c)(2) motion to reduce his sentence under Amendment 750, which became effective on November 1, 2011, and was made retroactive by Amendment 759. Amendment 750 arose from the Fair Sentencing Act of 2010 and lowered the base offense levels for certain cocaine base offenses under USSG § 2D1.1. The amendment reduced by four more levels the base offense level applicable to the quantity of cocaine base for which Murphy was accountable.

The district court reasoned that Amendment 750 had no effect on Murphy's guideline range because Murphy's sentence was based on the 240-month statutory minimum, and reductions in the statutory minima do not apply retroactively to defendants sentenced before the enactment of the Fair Sentencing Act on August 3, 2010. We review *de novo* the district court's determination that Murphy was not eligible for a reduction under § 3582(c)(2). *United States v. Logan*, 710 F.3d 856, 857 (8th Cir. 2013).

Under the guidelines, "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." USSG § 5G1.1(b). This is true "even when a sentencing judge has imposed a sentence below the statutory minimum due to the defendant's substantial cooperation." *United States v. Golden*, 709 F.3d 1229, 1231 (8th Cir. 2013). Here, Murphy's statutory minimum sentence of 240 months was greater than the maximum of his original guideline range (168 months), so his applicable guideline sentence was 240 months. *United States v. Baylor*, 556 F.3d 672, 673 (8th Cir. 2009) (per curiam).

Murphy contends that application note 1 to USSG § 1B1.10 distinguishes between a guideline "sentence" and a guideline "range." Application note 1 explains that a defendant's eligibility for a reduction under § 3582(c)(2) "is triggered only by an amendment . . . that lowers the applicable guideline range." USSG § 1B1.10, comment. (n. 1(A)). Amendment 759 defines the applicable guideline range as "the guideline range that corresponds to the offense level and criminal history category . . . which is determined before consideration of any departure provision." *See* USSG § 1B1.10, comment. (n. 1(A)). Murphy contends that even if Amendment 750 did not alter the applicable statutory minimum, the amendment reduced his offense level and thus lowered his "applicable guideline range." But we rejected this argument in *Golden*, 709 F.3d at 1231-32, because application note 1 instructs that a reduction is not authorized where an amendment does not lower "the defendant's applicable guideline range because of the operation of . . . a statutory mandatory minimum." USSG § 1B1.10, comment. (n. 1(A)). When the mandatory minimum exceeds the range for the entire offense level, the "guideline sentence" is the same as the "guideline range," even if the range is only one number. *United States v. Trobee*, 551 F.3d 835, 839 (8th Cir. 2009).

The retroactive guideline amendments, therefore, did not lower Murphy's guideline range. "[T]he Fair Sentencing Act does not apply retroactively to

-4-

defendants who were sentenced before August 3, 2010, and who seek a reduction in their sentences under section 3582(c)(2)." *United States v. Reeves*, 717 F.3d 647, 651 (8th Cir. 2013). The district court sentenced Murphy in 2005. The 240-month statutory minimum associated with Murphy's cocaine base offense in 2005 applies to his current § 3582(c)(2) proceedings. *Id.* Because Amendment 750 did not affect Murphy's guideline range, the district court lacked authority to reduce Murphy's sentence under § 3582(c)(2).

\*　　　\*　　　\*

The judgment of the district court is affirmed.

_____