# United States Court of Appeals

### For the Eighth Circuit

_____

No. 13-2988

_____

United States of America

*Plaintiff - Appellee*

v.

Roland K. Long

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: May 16, 2014
Filed: July 2, 2014

_____

Before RILEY, Chief Judge, BEAM and SHEPHERD, Circuit Judges.

_____

RILEY, Chief Judge.

Roland K. Long appeals the denial of his motion for an 18 U.S.C. § 3582(c)(2) sentence reduction. Exercising our 28 U.S.C. § 1291 appellate jurisdiction, we affirm.

## I.    BACKGROUND

Long is serving a 144-month prison sentence for conspiring to distribute at least five grams of cocaine base, see 21 U.S.C. §§ 841(a)(1), (b)(1), 846.  His plea agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), expressly specified "the Court w[ould] sentence [him] to a term of imprisonment of 144 months."  The agreement noted Long's "base offense level [was] 26" and he was responsible "for at least 20 grams but less than 35 grams of a mixture or substance containing a detectable amount of cocaine base (i.e. 'crack cocaine')."  Yet his advisory Guidelines range was not apparent from the agreement, which specified neither his criminal history category nor whether he was subject to any adjustment for acceptance of responsibility, see, e.g., United States Sentencing Guidelines (U.S.S.G. or Guidelines) § 3E1.1(a), or specific offense characteristics, see, e.g., id. § 2D1.1(b)(1).

After retroactive amendments by the United States Sentencing Commission lowered the Guidelines ranges for cocaine base offenses, see U.S.S.G. app. C, amend. 750; id. amend. 759, Long moved pro se for a sentence reduction under 18 U.S.C. § 3582(c)(2).  The probation office supplied the district court with an inaccurate retroactive sentencing worksheet, which—ignoring the binding plea agreement, see Fed. R. Crim. P. 11(c)(1)(C)—reported Long was responsible for 45.5 grams of cocaine base and had been sentenced as a career offender.  The district court adopted these inaccuracies and added one of its own, declaring Long's plea agreement was governed by Rule "11(c)(1)*(B)*" (non-binding on the court), rather than Rule 11(c)(1)(C) (binding on the court).  (Emphasis added).  Believing Long's Guidelines range "would remain unchanged" because he was sentenced as a career offender, the district court denied Long a sentence reduction.  Now represented by experienced counsel, Long appeals.

## II. DISCUSSION

Despite the district court's misconceptions about the basis for Long's sentence, we cannot reverse because Long is ineligible for a sentence reduction. See United States v. Scurlark, 560 F.3d 839, 841 (8th Cir. 2009) (reviewing de novo the "legal conclusion" whether 18 U.S.C. § 3582(c)(2) authorizes a modification); cf., e.g., United States v. Anderson, 707 F.3d 973, 974 (8th Cir. 2013) (per curiam) (reviewing the discretionary decision whether to grant an authorized § 3582(c)(2) modification "for an abuse of discretion").

Two Johnson cases control this case. First, based on United States v. Willie Johnson, 703 F.3d 464 (8th Cir. 2013), we reject Long's contention that he "should have been entitled [to] and received a sentence reduction . . . pursuant to the recent changes in the crack cocaine guidelines." In that case, we squarely held § 3582(c)(2) does not entitle any defendant to a reduced sentence. See Willie Johnson, 703 F.3d at 469-71. "Far from creating a substantive right to a modification, '§ 3582(c)(2) represents a congressional act of *lenity*.'" Id. at 469 (quoting Dillon v. United States, 560 U.S. ___, ___, 130 S. Ct. 2683, 2692 (2010)). Because "the language in § 3582(c)(2) is doubly discretionary," Long would not be *entitled* to a sentence reduction even if he were eligible for one. Id. at 470.

Second, based on United States v. Shawn Johnson, 697 F.3d 1190 (8th Cir. 2012) (per curiam), we further determine Long is ineligible for a sentence reduction. The statute permits a district court to reduce a sentence only if the sentence is "*based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o).*" 18 U.S.C. § 3582(c)(2) (emphasis added). Justice Sotomayor's controlling concurring opinion in Freeman v. United States, 564 U.S. ___, 131 S. Ct. 2685 (2011), established that "the language of the written [Rule 11(c)(1)(C)] plea agreement . . . determines the applicability of § 3582(c)(2)." United States v. Browne, 698 F.3d 1042, 1045 (8th Cir. 2012). Only if the Rule 11(c)(1)(C) agreement "*expressly* uses a Guidelines sentencing range

applicable to the charged offense to establish the term of imprisonment" can it be said the resulting sentence "is 'based on' the range employed." Freeman, 564 U.S. at ___, 131 S. Ct. at 2695 (Sotomayor, J., concurring) (emphasis added).

Applying these principles in Shawn Johnson to a plea agreement materially indistinguishable from Long's, we could not "say that the Guidelines 'range serve[d] as the basis or foundation for the term of imprisonment.'" Shawn Johnson, 697 F.3d at 1191 (quoting Freeman, 564 U.S. at ___, 131 S. Ct. at 2695 (Sotomayor, J., concurring)). Nor can we say so here. Although Long's plea agreement specified a base offense level of 26, "there [wa]s no express connection between [the Guidelines] and" Long's "sentence." Id. Not only does the plea agreement fail to specify Long's Guidelines range, it is actually impossible to calculate the range based solely on the plea agreement because Long's adjustments and criminal history category are missing. Even if we take the agreement's base offense level (26) and combine it with additional information listed only in the presentence investigation report (adding 2 levels for possession of a firearm, subtracting 3 levels for acceptance of responsibility, and computing a criminal history category of VI), we find no clear connection between the resulting Guidelines range (110-137 months) and Long's higher agreed-upon sentence (144 months). See U.S.S.G. sentencing tbl. (2006). Because "a Guidelines 'sentencing range is [not] evident from the agreement itself,'" we must say "[t]he agreement does not 'make clear that the basis for the specified [prison] term is a Guidelines sentencing range applicable to the offense to which'" Long "'pleaded guilty.'" Shawn Johnson, 697 F.3d at 1191 (first alteration in original) (quoting Freeman, 564 U.S. at ___, 131 S. Ct. at 2697 (Sotomayor, J., concurring)).

III.  CONCLUSION

Long is ineligible for a sentence reduction under § 3582(c)(2). We affirm.

———————————————

-4-