# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-1106
_____

United States of America

*Plaintiff - Appellee*

v.

Danielle Antoine Ellis

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: June 29, 2015
Filed: July 2, 2015
[Unpublished]

_____

Before WOLLMAN, LOKEN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Danielle Ellis appeals after the district court[1] reduced his sentence under 18 U.S.C. § 3582(c)(2). In 2010, Ellis pleaded guilty to conspiring to distribute 50

_____

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

grams or more of cocaine base (crack). The district court varied from the then-applicable range of 235-293 months and sentenced Ellis to 200 months in prison. In December 2014, pursuant to section 3582(c)(2) and Amendment 782 (effective November 1, 2014), the district court sua sponte reduced Ellis's prison sentence to 188 months, which was the bottom of the amended Guidelines range of 188-235 months. On appeal, Ellis argues that because the district court varied from the low end of the Guidelines range in imposing the original sentence, it should have reduced his sentence below the low end of the amended Guidelines range.

Counsel's argument is unavailing. See United States v. Long, 757 F.3d 762, 763 (8th Cir. 2014) (standard of review). The district court could not have reduced Ellis's sentence below the bottom of the amended Guidelines range, because the original sentence was not reduced below the original range based on substantial assistance. See U.S.S.G. § 1B1.10(b)(2) (extent of Guidelines reduction is limited to bottom of amended Guidelines range, unless defendant received lower sentence due to substantial assistance); Dillon v. United States, 560 U.S. 817, 827 (2010) (§ 1B1.10(b)(2) confines extent of reduction authorized under § 3582(c)(2)); United States v. Logan, 710 F.3d 856, 860 (8th Cir. 2013) (§ 3582(c)(2) reduction may not be to term below minimum of amended Guidelines range unless sentence being reduced was below then-applicable range pursuant to substantial-assistance motion).

The judgment is affirmed and we grant counsel's motion to withdraw.

_____