# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-1963

_____

United States of America

*Plaintiff - Appellee*

v.

Ali Abdul Ghani Khaleel

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: January 22, 2016
Filed: January 27, 2016
[Unpublished]

_____

Before WOLLMAN, ARNOLD, and SMITH, Circuit Judges.

_____

PER CURIAM.

Ali Abdul Ghani Khaleel appeals after the district court[1] denied him a sentence reduction under 18 U.S.C. § 3582(c)(2). In 2012, a jury convicted Khaleel of

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

possessing methamphetamine, marijuana, and a substance containing cocaine base with the intent to distribute. The district court determined that the applicable Guidelines range was 78-97 months, and sentenced Khaleel to 78 months in prison. In November 2014, Khaleel filed a pro se section 3582(c)(2) motion, seeking a reduced sentence under Amendment 782 (effective November 1, 2014). After conducting a hearing, the district court found that Khaleel was eligible for a reduction, and that the amended Guidelines range was 63-78 months; but that a reduction was not warranted in light of the sentencing factors, his prison conduct that raised considerable public safety concerns, and his obstruction of justice and lying to the court prior to his conviction. On appeal, Khaleel argues that the district court abused its discretion by considering factors that were already taken into account at his original sentencing, and that his prison conduct did not indicate his risk to society.

We conclude that there is no basis for reversal, as the district court's finding that a reduction was not warranted was not an abuse of discretion. See Dillon v. United States, 560 U.S. 817, 827 (2010) (§ 3582(c) authorizes district court to reduce sentence by applying amended Guidelines range as it if were in effect at time of original sentencing, and leaving all other Guidelines determinations intact as previously determined); United States v. Long, 757 F.3d 762, 763 (8th Cir. 2014) (de novo review of whether § 3582(c)(2) authorizes modification, and abuse-of-discretion review of decision whether to grant authorized § 3582(c)(2) modification). The judgment is affirmed, counsel's motion to withdraw is granted, and Khaleel's motion for appointed counsel is denied as moot.

———————————————