# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-3516

_____

United States of America

*Plaintiff - Appellee*

v.

James Edward Poole

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Ft. Dodge

_____

Submitted: April 1, 2016
Filed: April 6, 2016
[Unpublished]

_____

Before WOLLMAN, BOWMAN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

James Edward Poole appeals after the district court[1] denied his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). We agree with the district court that

_____

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

Poole was not eligible for a reduction, because the court's original downward variance to 120 months (prior to an additional substantial assistance reduction) was greater than the reduction authorized by Amendment 782.  See U.S.S.G. § 1B1.10(b)(2) (court may not reduce prison term to less than minimum of amended Guidelines range, but if original sentence was less than Guidelines range due to substantial assistance, reduction comparably less than amended Guidelines range may be appropriate); Dillon v. United States, 560 U.S. 817, 827 (2010) (§ 1B1.10(b)(2) confines extent of reduction authorized under § 3582(c)(2)); United States v. Logan, 710 F.3d 856, 860 (8th Cir. 2013) (§ 3582(c)(2) reduction may not be to term below minimum of amended Guidelines range unless sentence being reduced was below then-applicable range pursuant to substantial-assistance motion).  We reject Poole's pro se argument that Rodriguez v. United States, 135 S. Ct. 1609 (2015)  announced a new rule that should be applied retroactively to him, as the argument is not properly raised in a section 3582(c)(2) motion.  See United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005) (per curiam) (Supreme Court decision is inapplicable to § 3582(c)(2) motion, as it is not retroactively applicable Guidelines amendment).

Accordingly, we affirm the judgment, and we grant counsel's motion to withdraw.

_____