# United States Court of Appeals

### For the Eighth Circuit

_____

No. 15-3938

_____

United States of America

*Plaintiff - Appellee*

v.

John Bolden, also known as JB

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: October 17, 2016
Filed: October 27, 2016
[Unpublished]

_____

Before MURPHY, BEAM, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

John Bolden appeals the amended sentence, imposed by the district court[1]
following his application for relief pursuant to 18 U.S.C. § 3582(c)(2) and

---

[1]The Honorable Linda Reade, Chief Judge, United States District Court for the
Northern District of Iowa.

Amendment 782 to the United States Sentencing Guidelines. Bolden was originally convicted of conspiracy to distribute cocaine base, and was sentenced to life imprisonment, which was also his Guidelines sentencing "range." We affirmed the conviction and sentence on direct appeal. United States v. Bolden, 596 F.3d 976 (8th Cir. 2010).

In February 2012, the district court considered whether Bolden was entitled to a sentencing reduction pursuant to Amendment 750[2] to the Guidelines, which increased the minimum quantity of cocaine base necessary to qualify for a Guidelines offense level of 38. The district court denied relief, finding that at Bolden's original sentencing, the court found Bolden was responsible for more than 10 kilograms of cocaine base, which would still qualify for offense level 38 even after Amendment 750.

In 2014, the Sentencing Commission again altered the Guidelines with Amendment 782, which lowered the base offense level for most drug offenses by two levels. The Commission made Amendment 782 retroactive, benefitting eligible offenders who had been sentenced before November 1, 2014, Amendment 782's effective date. See United States v. Lawin, 779 F.3d 780, 781 n.2 (8th Cir. 2015) (per curiam). Accordingly, on March, 31, 2015, Bolden brought the current motion for sentencing reduction pursuant to 18 U.S.C. § 3582(c)(2). The probation office prepared a memorandum report, opining that Amendment 782 would reduce Bolden's range from life imprisonment, to 360 months to life imprisonment. Bolden argued that his new sentencing range should be 324 to 405 months.

---

[2]Amendment 750, effective November 1, 2011, retroactively lowered the base offense levels used for calculating guideline ranges based upon the quantity of crack cocaine involved in an offense. United States v. Reeves, 717 F.3d 647, 649 (8th Cir. 2013).

At the § 3582 hearing, the district court found that Amendment 782 applied to Bolden and agreed with the government that after the two-level reduction, the new Guidelines range was 360 months to life imprisonment. However, the court noted that in imposing its sentence of 405 months, the sentence was still within "the range that [Bolden] says applies." Bolden appeals, arguing the district court procedurally erred by miscalculating the amended range, and that it abused its discretion in lowering his sentence from life to 405 months in prison.

We review de novo the decision of whether a defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2). United States v. Long, 757 F.3d 762, 763 (8th Cir. 2014). Section 3582(c)(2) provides that when an incarcerated defendant's sentencing range has been subsequently lowered by the Sentencing Commission, the court may reduce the term of imprisonment, and we review that decision for an abuse of discretion. Long, 757 F.3d at 763.

The crux of the dispute between Bolden and the government over the correct amended sentencing range is the amount of drugs attributed to Bolden at the original sentencing hearing in 2008. At sentencing, the district court did not make a precise drug finding, but instead stated that it had reviewed the trial transcripts and "made credibility findings in order to determine Bolden was involved with more than 30,000 kilograms of marijuana equivalent drugs." Bolden, 596 F.3d at 983. In affirming the district court's finding of offense level 38, we noted that while we were "troubled by the lack of specificity in the district court's findings" these findings were adequate for appellate review given that Bolden did not object to the findings at sentencing, and that the presentence investigation report attributed 10,044 grams of cocaine base to Bolden, which easily satisfied the threshold for offense level 38 (which only required 4,500 grams). Id. at 982-83. Thus, our analysis in Bolden suggests that the district court attributed somewhere between approximately 4,500 and 10,000 grams of cocaine base to Bolden. However, more light was shed on the subject when Bolden moved for Amendment 750 relief in 2012. The district court denied relief at that time

on the basis that it had found Bolden responsible for more than 10 kilograms of cocaine base at the original sentencing.

Given the record, which includes the original sentencing, our appellate opinion, and the district court's pronouncements upon denying Amendment 750 relief in 2012, we doubt the district court procedurally erred in finding that the current range is 360 months to life imprisonment. Bolden makes arguments about the concurrent effect of Amendments 750 and 782 on his drug quantity, and argues that the quantity attributable to him should be the bottom of the range of cocaine base mentioned in our Bolden opinion. Id. This argument would be tempting if not for Bolden's 2012 Amendment 750 proceedings wherein the district court stated it had attributed more than 10 kilograms of cocaine base to Bolden at the original sentencing.

Furthermore, given the overlap between the given sentence and the sentencing range, we find that any possible procedural error was harmless. The court mentioned the overlap in pronouncing its sentence and stated its belief that 405 months was the appropriate sentence given the facts and circumstances of Bolden's case. We have no doubt that the district court would have imposed a sentence of 405 months even if the correct range was 324 to 405 months. See United States v. Lewis, 827 F.3d 787, 789-90 (8th Cir. 2016) (holding that district court's procedural error in failing to calculate the amended guideline range was harmless because we had no doubt the district court would have imposed the same sentence regardless of the procedural error). Nor was the district court's 405-month sentence an abuse of its considerable discretion. Long, 757 F.3d at 763.

We affirm the district court.

_____