# United States Court of Appeals

## For the Eighth Circuit

_____

No. 15-3792

_____

United States of America

*Plaintiff - Appellee*

v.

Judith Renfrow

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: November 14, 2016
Filed: February 28, 2017
[Unpublished]

_____

Before COLLOTON, BEAM, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Judith Renfrow was charged with four counts of distribution of methamphetamine in violation of 21 U.S.C. § 841 in 2013. Renfrow entered a guilty plea pursuant to a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C). In the plea agreement, Renfrow agreed to plead guilty to one count of distributing methamphetamine in exchange for dismissal of the three other counts and

a sentence of 90 months. The agreement stated that it was "based on the defendant's role in the offense, criminal history, and acceptance of responsibility." The plea agreement did not otherwise reference any calculations made as a result of applying the Guidelines. Renfrow's presentence investigation report (PSR) indicated that Renfrow's suggested Guidelines range would have been 97-121 months, but the plea agreement did not reference the PSR.

Subsequently, Renfrow filed a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines. Amendment 782, which became effective November 1, 2014, retroactively lowered most base offense levels in the drug quantity tables in the Guidelines. See United States v. Thomas, 775 F.3d 982, 982 (8th Cir. 2014) (per curiam). The district court[1] denied Renfrow's motion, concluding that Renfrow's sentence was not based on the Guidelines because her Rule 11(c)(1)(C) plea agreement made no reference to the Guidelines range and contained no information about how any particular Guidelines range might have been calculated. Renfrow appeals.

Where a defendant's "term of imprisonment [is] based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment." 18 U.S.C. § 3582(c)(2). The district court, however, concluded that Renfrow's sentence was not "based on a sentencing range" but instead was based upon a negotiated agreement between the parties. A Rule 11(c)(1)(C) agreement *may* be reduced under § 3582(c)(2) if the agreement "call[s] for the defendant to be sentenced within a particular Guidelines sentencing range" or provides for a specific term of imprisonment and "make[s] clear that the basis for the specified term is a Guidelines sentencing range applicable to the offense to which the defendant pleaded guilty." Freeman v. United States, 564 U.S. 522, 538-39 (2011)

---

[1]The Honorable Laurie Smith Camp, Chief Judge, United States District Court for the District of Nebraska.

(Sotomayor, J., concurring).[2] In making this eligibility determination, we look to the language of the plea agreement itself. Id. at 539-40.

Renfrow argues that the plea agreement's reference to her role in the offense, criminal history, and acceptance of responsibility brings it within the purview of one of the two types of cases described by Freeman. This argument, however, is not consistent with our cases construing Rule 11(c)(1)(C) agreements and the application of § 3582(c)(2). The plea agreement must do more than opaquely refer to concepts usually embodied in Guidelines calculations. See United States v. Johnson, 697 F.3d 1190, 1191 (8th Cir. 2012) (per curiam) (holding that where the Rule 11(c)(1)(C) agreement stated that the agreed upon sentencing range "takes into account all of the factors to be considered under the advisory sentencing guidelines that apply to this offense," the language was not sufficiently clearly based upon the Guidelines so as to entitle the defendant to a § 3582(c)(2) reduction). Even where a Rule 11(c)(1)(C) agreement specified a drug quantity and base offense level, we have determined that without more obvious Guidelines calculations, the agreement was not based upon the Guidelines and instead was based upon a bargain between the parties. Long, 757 F.3d at 764. This was because it was "impossible to calculate the range based solely on the plea agreement." Id.

In contrast to Johnson and Long, in United States v. Logan, 710 F.3d 856, 858 (8th Cir. 2013), the Rule 11(c)(1)(C) plea agreement specifically stated that the parties "agreed to 'the sentencing guideline computation' in the PSR, including the advisory guidelines range of 151 to 188 months." Because the basis for the sentencing range—the PSR calculation—was evident in the agreement itself, we held the Logan defendant *was* eligible for a reduction because the range was based upon a guideline that was subsequently lowered by the Sentencing Commission. Id. at 859-60.

_____

[2]Justice Sotomayor's opinion is the controlling opinion in Freeman. See Long, 757 F.3d at 764.

Here, the plea agreement's language is quite similar to the language we examined in <u>Johnson</u> and not even as explicit as the language in <u>Long</u>. There is no Guidelines range as there was in <u>Logan</u>. Nothing in Renfrow's agreement makes clear that the basis for her 90-month sentence was any particular Guidelines calculation. And indeed, it would be "impossible" to calculate her Guidelines range based on the language of the agreement. <u>Long</u>, 757 F.3d at 764. Accordingly, we affirm the district court's denial of Renfrow's § 3582(c)(2) motion for reduction of sentence.[3]

BEAM, Circuit Judge, concurring in the judgment.

I agree with the final result reached by the court. However, the court fails to cite applicable Supreme Court precedent. <u>Dillon v. United States</u>, 560 U.S. 817, 827 (2010), sets forth the two-step process a district court shall follow when considering a sentence-reduction motion pursuant to § 3582(c)(2). At step one, § 3582(c)(2) requires the court to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. <u>Dillon</u>, 560 U.S. at 827. If the defendant is eligible, the district court must analyze the § 3553(a) factors and use its discretion to decide whether to allow the reduction. <u>Dillon</u>, 560 U.S. at 827. I believe that even though this case ultimately turns on the <u>Freeman</u> analysis, the two-step rubric of <u>Dillon</u> and § 3582 nonetheless sets forth the framework to be used in sentence reduction cases such as this, even when a Rule 11(c)(1)(C) agreement is involved. Several of our sister circuits agree. <u>E.g.</u>, <u>United States v. Leonard</u>, 844 F.3d 102,

_____

[3]The district court did not discuss the "two-step" approach described in <u>Dillon v. United States</u>, 560 U.S. 817, 826-827 (2010), and there was no need to address the two questions identified therein—namely, whether a sentence reduction would be consistent with USSG § 1B1.10 or whether an authorized reduction would be warranted according to the factors set forth in 18 U.S.C. § 3553(a). <u>Accord</u> <u>United States v. Bogdan</u>, 835 F.3d 805, 808-09 (8th Cir. 2016); <u>United States v. Bailey</u>, 820 F.3d 325, 328-29 (8th Cir. 2016) (per curiam); <u>United States v. Long</u>, 757 F.3d 762, 764 (8th Cir. 2014); <u>United States v. Browne</u>, 698 F.3d 1042, 1044-47 (8th Cir. 2012); <u>United States v. Johnson</u>, 697 F.3d 1190, 1191 (8th Cir. 2012) (per curiam).

106-07 (2d Cir. 2016); <u>United States v. Benitez</u>, 822 F.3d 807, 810-12 (5th Cir. 2016) (per curiam); <u>United States v. Thompson</u>, 714 F.3d 946, 948-50 (6th Cir. 2013); <u>see also</u> <u>United States v. Gordon</u>, No. CR 98-71-3, 2016 WL 4074123, at *2 (D. D.C. July 29, 2016) (unpublished) ("Here, the defendant fails to pass the first step of the <u>Dillon</u> test . . . . [because] defendant's sentence of 276 months was imposed pursuant to a binding plea agreement with the government, under Fed. R. Crim. P. 11(e)(1)(C) (sic), and was not a sentence 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . .' 18 U.S.C. § 3582(c)(2)."). Because Renfrow's plea agreement, and not a Guidelines calculation, was the basis for her original sentence, she fails <u>Dillon</u>'s eligibility step. Accordingly, I concur only in the court's judgment.

———————————————————