# United States Court of Appeals

### For the Eighth Circuit

_____

No. 12-2275

_____

United States of America

*Plaintiff - Appellee*

v.

Aaron Anderson, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa – Davenport

_____

Submitted: January 14, 2013
Filed: February 25, 2013
[Published]

_____

Before BYE, MELLOY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Aaron Anderson, Jr. was convicted of possessing with the intent to distribute at least five grams of cocaine base ("crack cocaine") in violation of 21 U.S.C.

§§ 841(a)(1) and 841(b)(1)(B).  After a sentencing hearing, the district court[1] found a base offense level of 34 and sentenced Anderson to 360 months' imprisonment. Anderson subsequently moved to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2).  The district court denied Anderson's motion, and Anderson appealed. For the reasons set forth below, we affirm.[2]

## I.

The district court conducted Anderson's sentencing hearing in March 2009.  At that time, possessing 500–1500 grams (17.6–52.9 ounces) of crack cocaine yielded a base offense level of 34, and possessing 1500–4500 grams (52.9–158.7 ounces) of crack cocaine yielded a base offense level of 36.  U.S. Sentencing Guidelines Manual § 2D1.1(c)(3), (2) (2009).  At Anderson's sentencing hearing, the district court heard testimony that Anderson possessed an estimated 70 ounces (1985 grams) of crack cocaine.  The district court, recognizing that the testimony provided "just an estimate" of the amount of crack cocaine, was "not persuaded . . . that it was 70 ounces," but determined that "it clearly was well in excess of 20 ounces [567 grams]." Accordingly, the district court applied a base offense level of 34 to Anderson's sentence.

The U.S. Sentencing Commission amended the Sentencing Guidelines in 2011. Under the amended Guidelines, possessing 280–840 grams (9.9–29.6 ounces) of crack cocaine yields a base offense level of 32, and possessing 840–2800 grams

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

[2]Anderson previously appealed the district court's two-level enhancement of his initial sentence, which this Court affirmed.  United States v. Anderson, 618 F.3d 873, 877 (8th Cir. 2010).

(29.6–98.8 ounces) of crack cocaine yields a base offense level of 34.[3] U.S.S.G. § 2D1.1(c)(4), (3) (2011). Anderson subsequently moved pursuant to 18 U.S.C. § 3582(c)(2) for retroactive application of the amended Guidelines to reduce his sentence. Specifically, Anderson argued that because the district court applied a base offense level of 34 (instead of 36) for the at least 20 ounces of crack cocaine, *i.e.*, the lower of the two base offense levels that the hearing testimony would have allowed, his sentence under the amended Guidelines should have a base offense level of 32 instead of 34.

The district court denied Anderson's motion to reduce his base offense level. In doing so, the court made an additional factual finding regarding the amount of crack cocaine that Anderson possessed:

> By [previously] finding a level 34, the court implicitly discounted [the hearing witness's] drug quantity estimate by at least thirty percent. However, nothing the court said at sentencing could or should be taken to suggest that it was discounting that by the sixty percent which would be necessary to take the defendant's drug quantity from level 34 to level 32 under the amended guidelines. In finding that the defendant's drug quantity was well in excess of twenty ounces, the court now specifically finds that it was also well in excess of thirty ounces of crack cocaine and the defendant therefore remains at a base offense level of 34.

Anderson now appeals the district court's denial of his motion. We review the district court's decision on an 18 U.S.C. § 3582(c)(2) motion for an abuse of discretion. United States v. Burrell, 622 F.3d 961, 964 (8th Cir. 2010).

---

[3]We note that the current base offense levels for crack cocaine are the same as the amended 2011 base offense levels. U.S.S.G. § 2D1.1(c)(4), (3) (2012) (amended November 1, 2012).

II.

This Court recently considered two cases with facts that are materially indistinguishable from the facts presented by Anderson's appeal. In United States v. Brown, the district court found initially that the defendant was responsible for assisting in the distribution of "at least 1.5 kilograms" of crack cocaine. No. 12-1282, 2012 WL 6685249, at *1 (8th Cir. Dec. 21, 2012). Subsequent to the 2011 amendments to the Guidelines, the defendant moved for a reduction of his sentence. The district court then determined that the defendant was responsible for dealing in at least 2.8 kilograms of crack cocaine and denied the defendant's motion. This Court affirmed on appeal, stating that "courts, when considering 18 U.S.C. § 3582(c)(2) motions, may not find facts at odds with their previous factual findings. But nothing in § 3582(c) prevents a district court from making new factual findings, so long as they are consistent with the original sentencing determination and supported by the record." Id. (internal citations omitted) (citing United States v. Hall, 600 F.3d 872, 876 (7th Cir. 2010), and United States v. Moore, 582 F.3d 641, 646 (6th Cir. 2009)).

Similarly, in United States v. Almonte, the defendant stipulated in a plea agreement that he conspired to distribute between 20–35 grams of crack cocaine. No. 12-1911, 2012 WL 5974115, at *1 (8th Cir. Nov. 29, 2012). At the time that the defendant was sentenced, that range corresponded with a single base offense level. See id. After the 2011 amendments to the Guidelines, however, 20–35 grams of crack cocaine spanned three base offense levels. Id. When the defendant moved to reduce his sentence, the district court made a specific finding that the defendant conspired to distribute 28 grams of crack cocaine and denied the motion. Id. We affirmed on appeal. In doing so, we rejected the rule-of-lenity argument that Anderson now makes, stating that "[n]either the [Fair Sentencing Act] nor the amended Guidelines are ambiguous. The law is clear; it is the District Court's fact-finding that [the defendant] finds objectionable, and that is not subject to the rule of lenity." Id. at *2.

Here, the district court's finding that Anderson possessed "well in excess of thirty ounces" of crack cocaine is not inconsistent with its previous finding that Anderson possessed "clearly . . . in excess of 20 ounces" of crack cocaine. As <u>Brown</u> and <u>Almonte</u> are persuasive and apply directly to the issue presented before us, Anderson's argument for reduction of his sentence fails.[4]

## III.

For the reasons set forth above, we affirm the district court's denial of Anderson's 18 U.S.C. § 3582(c)(2) motion to reduce his base offense level from 34 to 32.

_____

_____

[4]Anderson also moved *pro se* for permission to file a supplemental brief regarding the denial of his § 3582(c)(2) motion. That motion is denied.