# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-3112

_____

United States of America

*Appellee*

v.

Kevin L. Lucas, also known as Nook

*Appellant*

_____

Appeal from United States District Court
for the District of Nebraska

_____

Submitted: May 13, 2013
Filed: May 24, 2013
[Unpublished]

_____

Before SHEPHERD, ARNOLD, and MELLOY, Circuit Judges.

_____

PER CURIAM.

The district court[1] denied Kevin Lucas's motion for a sentence reduction under 18 U.S.C. § 3582(c)(2).  Mr. Lucas appeals and we affirm.

_____

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

In 2004, Mr. Lucas pleaded guilty to conspiring to distribute and to possess with the intent to distribute crack cocaine. He entered into a plea agreement with the government in which he admitted responsibility for at least 500 grams but less than 1.5 kilograms of crack, a quantity that directly corresponded to a base offense level of 36 under the sentencing guidelines then in effect, *see* U.S.S.G. § 2D1.1 (2004). After determining that Mr. Lucas had a sentencing range of 235 to 293 months, the district court sentenced him to 235 months' imprisonment. Four years later, the Sentencing Commission amended § 2D1.1 to decrease the base offense levels for crack, and Mr. Lucas relied on the amendment to obtain a sentence reduction under § 3582(c)(2), which permits a district court to reduce the sentence of a defendant whose sentence was based on a guideline range that the Sentencing Commission has lowered. As a result of the amendment, Mr. Lucas's sentencing range fell, and the district court reduced his prison sentence to 188 months, the bottom of his new sentencing range.

The Commission further amended the crack-offense provisions of § 2D1.1 in 2011. *See* U.S.S.G. Supp. app. C, amend. 750. Under this amendment, Mr. Lucas's base offense level and, in turn, his sentencing range decreased only if he was responsible for less than 840 grams of crack. Because neither the parties' plea agreement nor the court's findings at sentencing attributed a specific drug quantity to Mr. Lucas, the district court relied on the original presentence investigation report to make a supplemental finding that he was responsible for 1.25 kilograms of crack, well over the 840-gram limit. The court then concluded that Mr. Lucas was not eligible for a sentence reduction because the amendment did not lower his sentencing range.

Mr. Lucas maintains that the court should have relied on the rule of lenity to find him responsible for 500 grams of crack, the low end of the original agreed-upon quantity, instead of making an additional finding. But we have recently rejected this argument and permitted district courts to make additional findings necessary to deciding a § 3582(c)(2) motion, so long as the findings "are consistent with the

original sentencing determination and supported by the record." *United States v. Anderson*, 707 F.3d 973, 974-75 (8th Cir. 2013) (internal quotation marks and citations omitted) (per curiam); *see United States v. Moore*, 706 F.3d 926, 928-29 (8th Cir. 2013).

Mr. Lucas contends, in the alternative, that the court's supplemental finding is not supported by the record. In making the finding, which we review for clear error, *see United States v. Young*, 689 F.3d 941, 945 (8th Cir. 2012), the court properly relied on facts set out in the PSR because Mr. Lucas filed no objections to them and confirmed that he had no objections to the PSR when questioned by the court at sentencing. *See United States v. Oaks*, 606 F.3d 530, 541 (8th Cir.2010). We believe that the facts in the PSR sufficiently support the court's drug-quantity determination. Mr. Lucas pleaded guilty to participating in a nine-month crack conspiracy, and he reiterated to the probation officer that he was selling drugs during this time. When the police came to his home at the end of the conspiracy, they found 9 ounces -- 255 grams -- of crack in a heating vent. Mr. Lucas admitted that he had obtained 9 ounces of crack and an equal amount of powder cocaine three days earlier, had converted the powder to crack, and had sold 9 ounces of crack. Mr. Lucas also acknowledged that he had "purchased approximately 1.5 kilos of crack and powder" "[o]ver the last several months." A police officer involved in the case opined that Mr. Lucas "may be responsible for approximately two kilograms of cocaine base." Though Mr. Lucas mentioned powder as well as crack cocaine, he admitted to converting powder cocaine to crack, to selling crack, and to participating in a nine-month conspiracy to distribute crack. We conclude that the district court did not clearly err in finding that Mr. Lucas was responsible for 1.25 kilograms of crack.

Affirmed.

_____