# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-3364
_____

United States of America

*Plaintiff - Appellee*

v.

German Robles-Garcia

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Sioux City

_____

Submitted: September 19, 2016
Filed: December 29, 2016
[Published]

_____

Before COLLOTON, MELLOY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

German Robles-Garcia appeals the district court's[1] discretionary reduction of his sentence under 18 U.S.C. § 3582(c)(2). We affirm.

_____

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

Following a jury trial in 2010, Robles-Garcia was convicted of conspiracy to distribute less than 50 grams of methamphetamine mixture, 50 grams or more of actual (pure) methamphetamine, and 5 kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). He was also convicted of kidnapping in violation of 18 U.S.C. § 1201. At sentencing, the district court found a total offense level of 42 and a criminal history category of I, resulting in an advisory sentencing guidelines range of 360 months to life in prison. The district court sentenced Robles-Garcia to two concurrent terms of 600 months. We upheld his conviction and original sentence in United States v. Rodriguez-Ramos, 663 F.3d 356 (8th Cir. 2011).

In 2014, the United States Sentencing Commission revised certain sentencing guidelines and made those revisions retroactive. See U.S.S.G. § 1B1.10(d) (designating Amendment 782 for retroactive application). Accordingly, Robles-Garcia filed a motion in the district court to reduce his sentence under 18 U.S.C. § 3582(c)(2). After finding Robles-Garcia eligible for a reduced sentence, the district court found an amended total offense level of 40 and a criminal history category of I. This resulted in an amended guidelines range of 292 to 365 months in prison. Citing the particularly violent nature of Robles-Garcia's crime, the aggravating factors found at his original sentencing, and the need to protect the public, the district court reasoned it would "be well within [its] discretion . . . to reimpose the 600-month sentence." But, wishing to give Robles-Garcia credit for the "positive steps he's taken in prison" as well as the benefit of the retroactive guidelines, the district court reduced the sentence to 500 months. On appeal, it is undisputed that Robles-Garcia was eligible for a sentence reduction and that the district court properly calculated the amended guidelines range. Robles-Garcia argues only that the district court erred in considering the factors relevant to the total reduction in his sentence. Specifically, he argues the district court improperly considered his original within-guidelines sentence and failed to give sufficient weight to his rehabilitative efforts while in prison.

"We review the district court's decision on an 18 U.S.C. § 3582(c)(2) motion for an abuse of discretion." United States v. Anderson, 707 F.3d 973, 974 (8th Cir. 2013) (per curiam). Where a defendant is eligible for a reduced sentence under § 3582(c)(2), "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Further, "[t]he court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment." U.S.S.G. § 1B1.10 cmt. n.1(B)(ii). The court, moreover, "may consider the post-sentencing conduct of the defendant." Id. § 1B1.10 cmt. n.1(B)(iii).

We find the district court did not improperly consider or give significant weight to Robles-Garcia's original within-guidelines sentence. The district court considered the original sentence only to the extent that it still reflected the court's balancing of the § 3553(a) factors. In any event, § 3582(c)(2) "authorize[s] only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." Dillon v. United States, 560 U.S. 817, 826 (2010). And even where a defendant is eligible for a reduction, "§ 3582(c)(2) does not entitle any defendant to a reduced sentence," let alone a particular reduction. See United States v. Long, 757 F.3d 762, 764 (8th Cir. 2014). Thus, as a practical matter, the original "otherwise final sentence" is a valid consideration within the district court's discretion so long as it bears a reasonable relationship to the factors under § 3582(c)(2).

Finding no abuse of discretion in the district court's consideration or explanation of the other factors relevant in its decision to decrease Robles-Garcia's sentence by 100 months, we affirm.

_____