# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2435
_____

United States of America

*Plaintiff - Appellee*

v.

Carlton Darden, also known as Carlton Darden-Bey

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: September 24, 2018
Filed: December 12, 2018
_____

Before SMITH, Chief Judge, MELLOY and STRAS, Circuit Judges.
_____

STRAS, Circuit Judge.

After serving more than two decades in prison, Carlton Darden asked the district court[1] to reduce his sentence because the Sentencing Commission had retroactively lowered the Guidelines range applicable to his offense. The court denied his motion, and we affirm.

_____

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

## I.

In 1993, Darden was convicted of racketeering activities and conspiracy for his role in a gang. 18 U.S.C. § 1962(c), (d). Although the Guidelines establish a base offense level for racketeering-related offenses, courts must apply "the offense level applicable to the underlying racketeering activity" if it is higher. U.S.S.G. § 2E1.1(a). Darden's underlying racketeering activities included the distribution of narcotics and attempted murder, both of which carried a higher offense level than racketeering itself. Of the two possibilities, Darden's drug "activity" produced the highest offense level and resulted in a sentence of life imprisonment.

Twenty years later, the Sentencing Commission adopted Amendment 782, which retroactively lowered the offense level for Darden's underlying drug activity by two. *See generally* U.S.S.G. § 1B1.10. Darden moved to reduce his sentence under 18 U.S.C. § 3582(c)(2).

The government opposed Darden's motion. In its district-court filings, the government introduced evidence about one of Darden's attempted-murder victims, Rochelle Bartlett, who had been left paralyzed by his attack. The government presented evidence showing that Bartlett died a year after Darden's sentencing and alleged that the attack led to her death. It argued that the district court should deny his request for a reduction and treat his sentence as though it was for murder. Darden did not object to the government's evidence or dispute that Bartlett died from her injuries, but claimed that the government's argument was irrelevant because his sentence was for distributing narcotics, not for attempted murder.

The district court denied Darden's motion. In its order, the court first calculated Darden's new offense level under Amendment 782, which produced an amended Guidelines range of 360 months to life in prison. In deciding whether to exercise its discretion to reduce Darden's sentence, the court noted that, had Bartlett died before Darden's original sentencing, the "underlying" murder, not narcotics distribution, would have determined his racketeering sentence. Because

Amendment 782 only reduced the offense levels for certain drug offenses, not for murder, Darden would have been ineligible for relief under those circumstances.

The district court also considered Darden's good behavior in prison and his efforts at rehabilitation. But the court gave more weight to "the sentencing objectives, including providing just punishment and protection of the public." And in summarizing the seriousness of Darden's crimes, the court again noted that Bartlett died "as a result of" his attack.

Darden argues that the district court incorrectly calculated his amended sentencing range, impermissibly considered evidence outside the original record, and inadequately considered his rehabilitation efforts.

## II.

When evaluating a motion for a reduced sentence based on a retroactive amendment to the Guidelines, there are two steps. The first is to determine whether the individual is eligible for a reduced sentence and, if so, to calculate the amended Guidelines range. *Dillon v. United States*, 560 U.S. 817, 826–27 (2010). The second is to set the new sentence, applying "the factors set forth in [18 U.S.C.] § 3553(a)." *Id.* at 826; *see also* 18 U.S.C. § 3582(c)(2). At this latter step, the court may decide, in its discretion, not to reduce the sentence at all. *See United States v. Johnson*, 703 F.3d 464, 470 (8th Cir. 2013).

The district court carried out the first step correctly. It determined that Darden was eligible for a reduced sentence under Amendment 782 and accurately calculated his amended Guidelines range. It is not true, as Darden suggests, that the court erroneously determined he was ineligible for a reduction. By pointing out that Darden would have been sentenced using the offense level for murder had Bartlett died a year earlier, the court was explaining the reason why it declined to exercise its discretion to reduce his sentence—an inquiry relevant to the second step, not the first.

At the second step, the district court exercised its discretion, taking into account the relevant sentencing factors. Darden's primary argument is that the court considered too much, not too little. According to Darden, the court could not consider Bartlett's death in deciding the motion because it was not part of the record from his original sentencing.

This argument is subject to plain-error review because Darden failed to raise it before the district court. *See United States v. Shores*, 700 F.3d 366, 370 (8th Cir. 2012). Accordingly, relief is available only if Darden can show that the court made a "clear or obvious" error that affected his substantial rights. *United States v. Long*, 721 F.3d 920, 924 (8th Cir. 2013) (citation omitted).

Darden cannot make such a showing. The relevant statutes and Guidelines do not expressly prohibit a court from considering post-sentencing facts when evaluating a motion for a reduced sentence. Among the factors the court must consider are the "nature and circumstances" and "seriousness of the offense," both of which can be informed by facts that emerge after the original sentencing. 18 U.S.C. § 3553(a)(1)–(2)(A). The court must also weigh public-safety concerns and may consider relevant post-sentencing conduct. U.S.S.G. § 1B1.10 cmt. n.1(B)(ii)–(iii). By specifically authorizing courts to take into account safety concerns and post-sentencing conduct, the Guidelines arguably open the door to the consideration of other post-sentencing facts as well.

Our cases are not to the contrary. To be sure, a court may not conduct a "plenary resentencing proceeding," *Dillon*, 560 U.S. at 826, or make new factual findings that are inconsistent with the facts found at the original sentencing, *United States v. Anderson*, 707 F.3d 973, 975 (8th Cir. 2013) (per curiam); *United States v. Adams*, 104 F.3d 1028, 1030–31 (8th Cir. 1997). *See also* U.S.S.G. § 1B1.10(a)(3) ("[P]roceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant."). But nothing prohibits a court from considering new facts that it had no opportunity to address

-4-

the first time around.  Indeed, this is precisely what happens when a court evaluates post-sentencing conduct.  *See* U.S.S.G. § 1B1.10 cmt. n.1(B)(iii).

The district court also did not make any conflicting findings.  All Darden can point to is the court's discussion of Bartlett's death and its accompanying observation that her death would have been treated as murder had it occurred before his original sentencing.  But noting that one of Darden's victims died is perfectly consistent with the finding that Bartlett was alive but seriously injured at the time of the original sentencing.  In the language of the statutory factors, the court was just conducting an updated assessment of the "nature," "circumstances," and "seriousness" of Darden's offenses.  *See* 18 U.S.C. § 3553(a)(1)–(2)(A).

Nor can the district court be accused of performing a "plenary resentencing proceeding" when it decided to leave Darden's original sentence undisturbed.  *Cf. United States v. Long*, 757 F.3d 762, 764 (8th Cir. 2014) (noting that the language in 18 U.S.C. § 3582(c)(2) is "doubly discretionary" and hence does not "entitle" a defendant to a sentence reduction (citation omitted)).  In the absence of any clear or obvious error, the court's decision to consider Bartlett's death could not have been plainly erroneous.  *Long*, 721 F.3d at 924.

Darden's final argument that the district court abused its discretion by inadequately weighing his post-sentencing rehabilitation efforts fares no better than his other arguments do.  The record shows that the court adequately considered Darden's efforts at rehabilitation but found that other factors outweighed them. *See United States v. Hernandez-Marfil*, 825 F.3d 410, 412 (8th Cir. 2016) (per curiam) (noting that, although a court *may* consider post-sentencing rehabilitation efforts, evidence of rehabilitation does not require a reduced sentence).  It was entitled to do so. *See United States v. Robles-Garcia*, 844 F.3d 792, 793 (8th Cir. 2016) (per curiam) (reviewing a "decision on an 18 U.S.C. § 3582(c)(2) motion for an abuse of discretion" (citation omitted)).

### III.

We affirm the district court's judgment.

_____