# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-2515

_____

United States of America

*Plaintiff - Appellee*

v.

Frank G. Rendon

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: April 15, 2020
Filed: July 27, 2020

_____

Before KELLY, WOLLMAN, and STRAS, Circuit Judges.

_____

STRAS, Circuit Judge.

The district court denied a sentence reduction to Frank Rendon, who is serving a 360-month sentence for conspiring to distribute methamphetamine. *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846; *see also* 18 U.S.C. § 3582(c)(2) (allowing for the filing of a sentence-reduction motion). In doing so, it relied on a drug-quantity figure that

did not match what was attributed to him at sentencing. In light of this inconsistency, we vacate and remand for reconsideration.

Rendon seeks to take advantage of Amendment 782, which retroactively "lower[ed] the base offense level[s] for most drug[-]quantity offenses." *United States v. Thomas*, 775 F.3d 982, 982–83 (8th Cir. 2014) (per curiam). Generally speaking, it reduced base offense levels at each drug-quantity threshold by two, *id.* at 982, by pegging them to a higher quantity than before. As applicable here, for example, the threshold for receiving a base offense level of 38 increased from 15 to 45 kilograms of methamphetamine. *See* U.S.S.G. supp. to app. C, amend. 782, 788 (2014); *see also Thomas*, 775 F.3d at 982–83 (discussing Amendment 782).

For Rendon, two findings at his original sentencing gave him a base offense level of 38. *See United States v. Rendon*, 752 F.3d 1130, 1133 (8th Cir. 2014). The first was that he was responsible for *at least* 15 kilograms of methamphetamine. *See id.* at 1133, 1135. The second was that the presentence investigation report's estimate of 136.08 kilograms was too high. The quantity, in other words, fell along a spectrum: at least 15, but less than 136.08, kilograms of methamphetamine. *See* U.S.S.G. § 2D1.1(c)(1) (2011).

With these findings, Rendon's Guidelines range was 360 months to life imprisonment in 2013. *See Rendon*, 752 F.3d at 1133. Today, under Amendment 782, the range may not be so high. Specifically, if the quantity attributable to him was at the lower end of the spectrum—between 15 and 45 kilograms—then his new base offense level would be 36 and the new range likely between 292 and 365 months in prison. *See* U.S.S.G. § 2D1.1(c)(2); *id.* ch. pt. A.

The district court went in a different direction. It simply assumed that the correct drug amount was 136.08 kilograms and denied Rendon's motion. The problem, of course, is that it had already rejected this figure earlier—at Rendon's original sentencing—when it overruled the estimate in the presentence investigation

report.  So the amount it used in denying Rendon's motion (136.08 kilograms) was "at odds" with its "previous factual finding[]" (not 136.08 kilograms).  *United States v. Anderson*, 707 F.3d 973, 975 (8th Cir. 2013) (per curiam) (citation omitted); *see United States v. Adams*, 104 F.3d 1028, 1029–31 (8th Cir. 1997) (explaining that the district court could not hold the defendant responsible for 110 marijuana plants at resentencing because it had held him accountable for exactly 73 plants before).

The remedy for this error is remand for reconsideration.  *See United States v. Williams*, 103 F.3d 57, 58–59 (8th Cir. 1996) (per curiam) (remanding when the district court made a legal error in denying a sentence-reduction motion); *see also United States v. Calton*, 900 F.3d 706, 715 (5th Cir. 2018) (remanding for reconsideration when the district court mistakenly relied on a probation officer's earlier statement when it denied a sentence-reduction motion under Amendment 782).  On remand, the district court is free to make a new drug-quantity finding as long as it lands between 15 and 136.08 kilograms.  *See Anderson*, 707 F.3d at 975.  What it cannot do, however, is pick an amount that it has already rejected.

We accordingly vacate the judgment of the district court and remand for reconsideration of Rendon's motion.

_____