# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2208
_____

United States of America

*Plaintiff - Appellee*

v.

Katrina Pauline Shangreaux, also known as Katrina White Whirlwind

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of South Dakota - Western
_____

Submitted: October 20, 2025
Filed: November 12, 2025
[Unpublished]
_____

Before GRUENDER, STRAS, and KOBES, Circuit Judges.
_____

PER CURIAM.

Katrina Shangreaux's two-and-a-half-year-old son died after she kicked him in the head and abdomen, hit him with a belt, bit him, and injured his scrotum. She pleaded guilty to second-degree murder, 18 U.S.C. §§ 1111(a) and 1153, and was sentenced to 480 months in prison, an upward variance from her 324- to 405-month

Guidelines range. The district court[1] denied Shangreaux's motion for a reduced sentence based on a retroactive change to U.S.S.G. § 4A1.1(e). See 18 U.S.C. § 3582(c)(2); U.S.S.G. app. C, amend. 821 (amending criminal history status points calculation). It also denied her motion for reconsideration.

In both orders, the district court correctly applied the two-step analysis for considering a motion to reduce a sentence based on a retroactive Guidelines change. See United States v. Darden, 910 F.3d 1064, 1066 (8th Cir. 2018) (describing the two steps). First, it found Shangreaux was eligible for a reduction and calculated her new Guideline range of 292 to 365 months in prison. Second, it applied the 18 U.S.C. § 3553(a) factors and denied a sentence reduction. Shangreaux appeals on both steps. See United States v. Tollefson, 853 F.3d 481, 485 (8th Cir. 2017) (reviewing eligibility *de novo* and reviewing decision to reduce for abuse of discretion); see also United States v. Garrett, 103 F.4th 490, 499 (8th Cir. 2024) (reviewing denial of motion for reconsideration for abuse of discretion).

Shangreaux argues that the district court erred by finding her ineligible for a sentence reduction. Having reviewed the district court's orders, we are not convinced. Both orders found Shangreaux eligible for a reduction under Amendment 821. The court clearly stated in its original order that "Shangreaux meets the criteria for . . . a reduction," and in its order denying reconsideration that "Shangreaux cleared the . . . analysis at step one." True, the order denying reconsideration says that Shangreaux "does not qualify for a sentence reduction because the sentencing judge did not rely on the guidelines in arriving at her sentence." But that statement follows the court's calculation of her new Guidelines range, which would have been unnecessary if the court had found Shangreaux ineligible. Viewed in context, the district court's observation that "Shangreaux also does not qualify for a sentence reduction" was part of its step two analysis. Cf.

---

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota. Shangreaux was sentenced by the Honorable Jeffrey L. Viken, then Chief Judge, United States District Court for the District of South Dakota, now retired.

Darden, 910 F.3d at 1067 (a court's reasons for not exercising discretion are relevant to step two, not step one). It does not show that the district court found her ineligible—a step one question.

Under step two, the district court did not abuse its discretion by denying Shangreaux's motion for a sentence reduction. See id. ("[T]he court may decide, in its discretion, not to reduce the sentence at all."). The court considered the § 3553(a) factors and described Shangreaux's disciplinary problems in prison and the danger she posed to the community. See U.S.S.G. § 1B1.10 cmt. n.1(B). The court also weighed Shangreaux's rehabilitative efforts but concluded that while her "history and characteristics lend some support for her motion, they do not outweigh the need for her sentence to protect the public." Nor was the district court required to grant a reduction proportionate to the original sentence. See U.S.S.G. § 1B1.10 cmt. background ("The authorization of such a discretionary reduction . . . does not entitle a defendant to a reduced term of imprisonment as a matter of right."); see also United States v. Shamburger, 144 F.4th 1088, 1090 (8th Cir. 2025) (district court did not abuse its discretion by declining to make a sentence reduction proportionate).

Affirmed.

_____