# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-3055

_____

United States of America

*Plaintiff - Appellee*

v.

Jerome Warrior

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Western

_____

Submitted: January 12, 2026
Filed: May 6, 2026
[Unpublished]

_____

Before SHEPHERD, KELLY, and STRAS, Circuit Judges.

_____

PER CURIAM.

Eligibility is no guarantee of a reduced sentence. Here, the district court[1] acted within its discretion by relying on Jerome Warrior's extensive criminal and disciplinary history in denying one.

---

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

When an amendment to the Sentencing Guidelines "changed the calculation of criminal[-]history scores," Warrior asked the district court to shorten the 168-month sentence he was serving. *United States v. Shamburger*, 144 F.4th 1088, 1089 (8th Cir. 2025). He passed the first hurdle by proving his eligibility. *See* 18 U.S.C. § 3582(c)(2); *Dillon v. United States*, 560 U.S. 817, 827 (2010). The retroactive amendment reduced the criminal-history points awarded for committing a federal crime while serving another sentence, *see* U.S.S.G. § 4A1.1(e), which decreased the advisory range from 135–168 months to 121–151 months in prison.

At the next step, however, the district court concluded that he did not deserve a lower sentence. It used its "discretion" to decide that the statutory sentencing factors did not support one "under the particular circumstances of the case." *Dillon*, 560 U.S. at 827; *see United States v. Darden*, 910 F.3d 1064, 1066 (8th Cir. 2018); *see also United States v. Chachanko*, 162 F.4th 894, 897 (8th Cir. 2025) (explaining that a court may "exercise its discretion" and decline to reduce a sentence).

For starters, he had an "utterly abysmal" prison record that included 17 disciplinary infractions, ranging from fighting to possessing a dangerous weapon. And the crime that sent him there was just as violent. He had been "part of a group . . . that beat [an unarmed man] to death." His actions included bringing the victim "to the ground" and kicking him "3–4 times in the face with his boot." *See* 18 U.S.C. § 3553(a)(1); *Darden*, 910 F.3d at 1067 (explaining that courts "must consider . . . the nature and circumstances and seriousness of the offense" when deciding whether to reduce a sentence (citation omitted)).

Those were relevant circumstances to consider. *See Darden*, 910 F.3d at 1067; *United States v. Boyd*, 835 F.3d 791, 793 (8th Cir. 2016) (approving consideration of "post-sentencing misconduct"). Balanced against mitigating factors like Warrior's prison-education efforts, the district court thought that he was too dangerous for an earlier release. In reaching this conclusion, it sufficiently considered the statutory sentencing factors, *see* 18 U.S.C. §§ 3553(a), 3582(c)(2),

and did not rely on an improper factor or commit a clear error of judgment. *See United States v. Denton*, 821 F.3d 1012, 1013 (8th Cir. 2016).

We accordingly affirm the judgment of the district court.

_____